■ DONNA FINK et al., Appellants, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Lonschein, J.), entered July 31, 1984, which denied their motion to set aside a jury verdict finding the plaintiff Donna Fink 50% at fault in the happening of the accident and the defendant 50% at fault, and granted the defendant's motion to dismiss the complaint for failure to prove a prima facie case.

Judgment affirmed, with costs.

The plaintiff Donna Fink lost her balance and fell as she and a fellow teacher carried a carton through the only aisle of the supply room at the school where they both taught. The plaintiff testified that she lost her balance by kicking a small box, about six inches long and weighing about two ounces. At the time of the incident there were about 10 teachers and a supply room aide in the supply room. The only evidence concerning the length of time the box had been on the floor is that it had not been there when the plaintiff had entered the supply room 15 minutes prior to the incident in which she was injured. After the plaintiffs rested, the defendant moved to dismiss for failure to prove a prima facie case, specifically, the element of notice, actual or constructive. Trial Term reserved

decision but granted the defendant's motion after the jury returned a verdict.

The plaintiffs argue that notice is not an element of a prima facie case where the defendant creates the condition which is responsible for the injury. Since the only persons in the supply room when the box appeared in the aisle were the defendant's employees, the plaintiffs contend that the creating of the condition is to be imputed to the defendant. This rule, however, is limited to situations where the defendant has created the condition by some affirmative act *(see, Cook v Rezende,* 32 NY2d 596). The plaintiffs failed to show that the defendant created the condition, therefore they had to establish actual or constructive notice as an element of their prima facie case *(see, Madrid v City of New York,* 42 NY2d 1039). The plaintiffs failed to present probative evidence as to the defendant's actual or constructive notice of the allegedly dangerous condition; therefore the dismissal of the complaint was proper *(see, Torregrossa v Bohack Corp.,* 81 AD2d 884). Bracken, J. P., Lawrence, Eiber and Kooper, JJ., concur.