■ REBECCA ANDERSON et al., Respondents, v KLEIN's FOODS, INC., Appellant.—Judgment reversed on the law with-

out costs and complaint dismissed. Memorandum: The evidence is insufficient to prove that defendant had either actual or constructive notice of the slippery condition of the floor. Plaintiff was unable to tell how long the grapes had been on the floor before she fell. When plaintiff entered the store she glanced at the produce area, but she could not see the condition of the floor. As she proceeded down one aisle and up another, she could not see the produce area and could not tell whether anyone was there. After plaintiff fell she saw grapes on the floor, some of which she crushed, and some others farther away, which had been crushed by someone else. From this evidence, any finding that the grapes had been on the floor for any appreciable period of time would be mere speculation. The evidence is just as consistent with a finding that someone had dropped grapes on the floor and had stepped on them shortly before plaintiff fell. Although plaintiff testified that there were very few customers in the store, the aisles blocked her view of the entire store and she walked through only a portion of it.

All concur, except Doerr, J. P. and Davis, J., who dissent and vote to affirm in the following memorandum.

Doerr, J. P., and Davis, J. (dissenting). We must dissent. The issue on appeal is whether the circumstantial evidence, viewed in the light most favorable to plaintiff *(Torregrossa v Bohack Corp.,* 81 AD2d 884) and giving plaintiff the benefit of every reasonable inference *(Negri v Stop & Shop,* 65 NY2d 625, 626) was sufficient to raise a question of fact for the jury on the issue of defendant's constructive notice of the dangerous condition. In our view, the evidence submitted by plaintiff in this case was sufficient to permit the inference that defendant had constructive notice of the dangerous condition on the floor of the produce aisle which caused plaintiff's injuries. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" *(Gordon v American Museum of Natural History,* 67 NY2d 836, 837). In this case, plaintiff testified that after she fell, she observed grapes on the floor around her where she fell. The grapes were squashed, "the skins were off of them, they were dirty, they were pretty well flattened out." On our view, it can be inferred from the condition of the grapes themselves that they were on the floor long enough that an employee of defendant exercising reasonable care, should have noticed them and remedied the situation *(Negri v Stop & Shop, supra).* Moreover, plaintiff testified that after she

had fallen she observed an onion, onion skins, lettuce leaves and gum wrappers on the floor of the produce aisle, additional evidence from which the jury could infer that a dangerous condition existed in the produce aisle for a sufficient length of time to charge defendant with constructive notice of the condition *(Newman v Great Atl. & Pac. Tea Co.,* 100 AD2d 538; cf., *Stevens v Loblaws Mkt.,* 27 AD2d 975). We would affirm the judgment. (Appeal from judgment of Supreme Court, Erie County, Flaherty, J.—negligence.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.