■ DOROTHY HUTH et al., Respondents, v ALLIED MAINTENANCE CORP. et al., Appellants, and NEW YORK RACING ASSOCIATION, Respondent.—In an action to recover damages for personal injuries, etc., the defendants Allied Maintenance Corp., Pinkerton's New York Racing Security Service, Inc. (sued herein as Pinkerton's, Inc.) and ARA Leisure Services, Inc. (sued herein as ARA Services, Inc.) separately appeal, ARA Leisure Services, Inc., as limited by its notice of appeal and the other defendants by their respective briefs, from so much of an order of the Supreme Court, Queens County (Leviss, J.), dated April 2, 1987, as denied their respective motions for summary judgment dismissing the complaint and any cross claims insofar as asserted against each of them.

Ordered that the order is reversed insofar as appealed from by ARA Leisure Services, Inc., on the law, its motion is granted, and the complaint and any cross claims are dismissed insofar as they are asserted against that defendant; and it is further,

Ordered that the order is affirmed insofar as appealed from by Pinkerton's New York Racing Security Service, Inc. and Allied Maintenance Corp.; and it is further,

Ordered that ARA Leisure Services, Inc. is awarded one bill of costs, payable by the plaintiffs.

On April 29, 1982, at approximately 3:00 P.M., the plaintiff Dorothy Huth slipped and fell on what she alleged to be an accumulation of liquid on the floor of the clubhouse inside Aqueduct Racetrack, some 15 to 20 feet from the entrance to the Man of War Restaurant. The plaintiffs sued the New York Racing Association, Inc. (hereinafter NYRA), the owner of the racetrack; Allied Maintenance Corp. (hereinafter Allied Maintenance), which was responsible for maintenance of the premises; Pinkerton's New York Racing Security Service, Inc. (hereinafter Pinkerton's), which patrolled the premises; and ARA Leisure Services, Inc. (hereinafter ARA), which owned and operated the Man of War Restaurant, alleging that all were negligent in creating and/or failing to remedy the slippery, dangerous condition.

The defendant ARA moved for summary judgment, arguing that there was no evidence that it had created the condition, nor did it owe the plaintiffs a duty to maintain an area of floor that it did not own or control. In addition, the codefendants Allied Maintenance and Pinkerton's also moved for summary

judgment, alleging lack of notice. In response to the defendants' motions, the plaintiffs submitted an affidavit from a witness who claimed to have observed a patron spill soda on the floor some 20 to 30 minutes before the plaintiff Dorothy Huth slipped while walking in that area.

To establish a prima facie case of negligence, the plaintiffs must demonstrate (1) that the defendants owed them a duty of reasonable care, (2) a breach of that duty, and (3) a resulting injury proximately caused by the breach *(see, Boltax v Joy Day Camp,* 67 NY2d 617; *Solomon v City of New York,* 66 NY2d 1026). An owner or tenant in possession of realty owes a duty to maintain the property in a reasonably safe condition *(Basso v Miller,* 40 NY2d 233). The determinative factor is one of possession or control *(McGill v Caldors, Inc.,* 135 AD2d 1041, 1043).

In the instant case, there is no issue of fact as to ARA's lack of control over the area of the clubhouse floor where the plaintiff Dorothy Huth fell, which was some 15 to 20 feet beyond the door of the Man of War Restaurant. The parties concede that the area in question was owned, operated and controlled by the defendant NYRA and that maintenance of the clubhouse floor was the responsibility of the defendant Allied Maintenance.

In addition, the plaintiffs failed to submit any proof that ARA affirmatively created the hazardous condition of which they complain. The conjecture in the plaintiffs' attorney's affidavit that the spilled soda might have been purchased in one of ARA's concession stands would not, even if true, suffice to make ARA liable for the plaintiff Dorothy Huth's fall in absence of proof that ARA itself or one of its employees had caused the spill *(Bowers v Vial,* 78 AD2d 534). In any event, mere "[s]uspicion, surmise and accusation are not enough to defeat a motion for summary judgment" *(Pappalardo v Meisel,* 112 AD2d 277, 278).

The defendant ARA is, therefore, entitled to summary judgment dismissing the complaint and all cross claims against it.

In support of their motions for summary judgment, the codefendants Allied Maintenance and Pinkerton's argue that the plaintiffs have failed to raise a triable issue of fact to support the essential element of actual or constructive notice. We disagree.

It is well established that proof of notice, either actual or constructive, is essential to recovery by a plaintiff who has

fallen as a result of a foreign substance on the floor of a commercial establishment *(Cameron v Bohack Co.,* 27 AD2d 362, 364). The plaintiff must present evidence tending to show either that the defendant knew of a dangerous condition and did not remedy it, or that the condition existed for a sufficient length of time that, in the exercise of reasonable care, the defendant should have known of it *(Gordon v American Museum of Natural History,* 67 NY2d 836; *Negri v Stop & Shop,* 65 NY2d 625).

In the instant case, Angelo Guadagno, an independent witness, stated in an affidavit that he observed a patron spill soda on the clubhouse floor some 20 to 30 minutes before he saw the plaintiff slip and fall on it. The plaintiffs have, therefore, submitted evidence adequate "to permit the jury to draw the necessary inference that a slippery condition was created * * * a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy the condition" *(Negri v Stop & Shop, supra,* at 626).

Viewing the evidence in the light most favorable to the party opposing the motion for summary judgment *(Negri v Stop & Shop, supra),* we conclude that the plaintiffs have raised an issue of fact as to whether Allied Maintenance had constructive notice of the spill and was negligent in failing to clean the area in the alleged 20-to-30-minute period that the substance was on the floor, given its conceded responsibility to maintain the floors at the Aqueduct Racetrack. Similarly, in view of the deposition testimony of the Pinkerton's watchman that it was part of his responsibilities to continuously tour the interior of Aqueduct's premises to inspect for hazardous conditions, to notify the appropriate authorities when such conditions were found and to personally take interim precautionary measures, we find that the instant case is distinguishable from *Gluck v Pinkerton N. Y. Racing Sec. Serv.* (96 AD2d 548), where the Pinkerton employee testified that he had no duty to inspect the racetrack's parking lot. An issue of fact therefore exists as to whether or not the Pinkerton's guard exercised reasonable care in the performance of his duties. Accordingly, the court properly denied the motions of Allied Maintenance and Pinkerton's for summary judgment. Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.