■ PATRICIA TORRI et al., Appellants, v BIG V OF KINGSTON, INC., Doing Business as SHOP RITE SUPERMARKET, Respondent. —Kane, J. Appeal from an order of the Supreme Court (Bradley, J.), entered June 9, 1987 in Ulster County, which

granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Patricia Torri (hereinafter plaintiff) and her husband commenced this action to recover for injuries she allegedly sustained when she slipped and fell on the floor in one of defendant's supermarkets. After answering and conducting pretrial discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion and plaintiff has appealed.

We affirm. At her examination before trial, plaintiff admitted that when she fell, she was not looking at the floor, the lighting was good and she could see all the way down the aisle. It was only after she fell that she observed a yellow, sticky substance on the floor, about three inches in diameter. She did not know how long it had been there or how it came to be there. An affidavit of Sheila Beechel, an employee of defendant and plaintiff's sister-in-law, stated that she examined the substance and concluded that it was "partially frozen orange juice".

In order to establish a prima facie case of negligence in a slip and fall accident, a plaintiff must establish actual or constructive notice of the condition which caused the fall; this requires either proof that a defendant created the condition or that there was a reasonable opportunity to remedy the situation *(Lewis v Metropolitan Transp. Auth.,* 99 AD2d 246, 250, *affd* 64 NY2d 670; *see, Putnam v Stout,* 38 NY2d 607). To support her claim that summary judgment in favor of defendant was improperly granted, plaintiff points to the affidavit by Beechel and argues that it raises a question of fact as to the nature of the substance on the floor and the length of time it was there. Plaintiff also argues that a question of fact was presented as to the existence of actual or constructive notice because there were at least three of defendant's employees working in the immediate vicinity where plaintiff fell and the frozen orange juice section was also located in the aisle where she fell.

This evidence is, however, insufficient insofar as it fails to indicate how the substance got there or how long it had been there. Furthermore, the statement in Beechel's affidavit that the substance was "partially frozen" indicates that it was not there for very long. In the absence of any proof of how long the substance was there prior to plaintiff's fall, she may not rely on a theory of constructive notice *(see, Silver v Brodsky,* 112 AD2d 213, 215). There was also no showing that defendant

created the condition or received any reports that the substance was on the floor so as to indicate constructive notice *(see, Lewis v Metropolitan Transp. Auth., supra,* at 251). There was, therefore, no evidence that the defect existed for a sufficient length of time before the accident to permit defendant's employees to discover and remedy it *(see, Gordon v American Museum of Natural History,* 67 NY2d 836, 837). Accordingly, plaintiff failed to make an evidentiary showing sufficient to raise a triable issue of fact *(see, Silver v Brodsky, supra,* at 215) on the question of constructive notice. There was also no evidence of actual notice. Summary judgment dismissing the complaint was therefore properly granted.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.