HENRY JOHNSON et al., Appellants, v GRAND UNION COMPANY, Respondent.

The plaintiff Henry Johnson, a security guard who had worked at the defendant store for several months prior to the accident, fell on some corn silk as he was walking down the produce aisle. Testimony at trial indicated that the floor was swept on the day of the accident and that the store had a policy that all employees had to immediately pick up any item they saw on the floor. There was no testimony that any debris was observed on the floor by anyone prior to the accident. In addition, the general manager testified that he had walked down the aisle one half of an hour prior to the accident without seeing anything on the floor. After the plaintiffs rested, the court granted the defendant's motion to dismiss the complaint on the ground that a prima facie case had not been established. We agree.

In order to establish a prima facie case, a plaintiff's evidence must establish "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof" *(Akins v Glens Falls City School Dist.,* 53 NY2d 325, 333; *Benjamin v City of New York,* 99 AD2d 995, *affd* 64 NY2d 44; *Ehlinger v Board of Educ.,* 96 AD2d 708; *see also,* Prosser, Torts § 30, at 143 [4th ed]). Here, there was no evidence that the defendant created the dangerous condition or had actual or constructive notice of it. Accordingly, the complaint was properly dismissed *(see, Eddy v Tops Friendly Mkts.,* 91 AD2d 1203, *affd* 59 NY2d 692). Mollen, P. J., Eiber, Sullivan and Rosenblatt, JJ., concur.