■ GERTRUDE T. WELLS et al., Appellants, v GOLUB CORPORATION, Respondent.—Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered May 8, 1991 in Clinton County, which granted defendant's motion for summary judgment dismissing the complaint.

In a slip and fall case such as we have here, to establish a prima facie case of negligence plaintiffs were required to establish constructive or actual notice of the condition which caused the fall (see, Lewis v Metropolitan Transp. Auth., 99 AD2d 246, affd 64 NY2d 670). To do so necessitated proof that defendant created the condition or had a reasonable opportunity to remedy the situation (see, supra). The evidence presented by plaintiffs in this case was insufficient insofar as it failed to indicate how the substance which caused the fall got on the floor of defendant's store or how long it had been there (see, Torri v Big V, 147 AD2d 743). As Supreme Court noted, there was no evidence that the substance, apparently mayon-

naise, was dirty or that it had been tracked through. Under these circumstances plaintiffs could not rely on a theory of constructive notice *(see, Anderson v Klein's Foods,* 139 AD2d 904, *affd* 73 NY2d 835). There was also no showing that defendant created the condition or received any reports that the substance was on the floor *(see, Torri v Big V, supra).* Finally, there was no evidence of actual notice. Supreme Court, therefore, properly granted defendant's motion for summary judgment dismissing the complaint.

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.