■ PAULETTE P. BROWNE et al., Appellants, v BIG V SUPERMARKETS, INC., Doing Business as SHOPRITE, Respondent.—Mahoney, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Hickman, J.), entered September 10, 1991 in Orange County, which granted defendant's motion for summary judgment dismissing the complaint.

This personal injury action arises out of a slip and fall by plaintiff Paulette D. Browne (hereinafter plaintiff) on a piece of lettuce on the floor of the produce department of defendant's supermarket. As reflected in her bill of particulars, plaintiff contends that defendant was negligent in causing or permitting the lettuce to remain on the floor, and in failing to extend rubber matting or carpeting over the entire floor area of the produce department. Following joinder of issue and the completion of discovery, defendant moved for summary judgment. Supreme Court granted the motion and this appeal ensued.

We affirm. In order to impose liability upon defendant, there must be evidence tending to show the existence of a dangerous or defective condition and that defendant created the condition or had actual or constructive notice thereof (see, Lowrey v Cumberland Farms, 162 AD2d 777, 778). Addressing first the presence of lettuce on the floor, while such clearly

was a dangerous condition, a review of the record reflects a prima facie showing by defendant that it did not create the condition or have actual or constructive notice thereof, thus shifting the burden to plaintiff to come forward with evidentiary proof sufficient to raise triable issues of fact. In our view, she failed to satisfy that burden. There is no evidence that defendant was responsible for the presence of the lettuce leaf on the floor or had actual notice of it. Nor was there any evidence sufficient to raise a triable issue of fact as to whether defendant had constructive notice thereof *(see, Gordon v American Museum of Natural History,* 67 NY2d 836). Any inference that the lettuce had been on the floor for an appreciable length of time due to plaintiff's characterization of it as "wilted" is mere speculation *(see, e.g., Anderson v Klein's Foods,* 139 AD2d 904, *affd* 73 NY2d 835).

Turning to the carpeting issue, the affidavit of plaintiff's expert, a professional engineer, is no more than a bare, conclusory statement that produce will fall to the floor in a supermarket and that, had defendant extended the use of carpeting to cover the entire produce area, plaintiff would not have fallen. Clearly, such a statement, bereft of any statistical support, foundational facts, or any indication that partially carpeted floors in produce areas violate industry standards or otherwise constitute a deviation from accepted practice, is insufficient to create an issue of fact as to whether the amount of carpeting used by defendant in this instance was unsafe *(cf., Wessels v Service Mdse.,* 187 AD2d 837; *Paciocco v Montgomery Ward,* 163 AD2d 655, 657, *lv denied* 77 NY2d 808).

Mikoll, J. P., Levine, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.