■ EDNA SALTY et al., Respondents, v ALTAMONT ASSOCIATES et al., Appellants. [603 NYS2d 352] —Mercure, J. Appeal from an order of the Supreme Court (Keegan, J.), entered December 7, 1992 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff Edna Salty (hereinafter plaintiff) commenced this action to recover for injuries sustained as a result of her slip and fall on broken eggs in defendants' store on July 16, 1988. Following discovery, defendants moved for summary judgment dismissing the complaint. The motion was denied. This appeal followed. We reverse. Clearly, defendants made a prima facie showing that they neither created the condition causing the fall nor had actual or constructive notice of its existence (see, Gordon v American Museum of Natural History, 67 NY2d 836, 837-838; Paciocco v Montgomery Ward, 163 AD2d 655, 656, lv denied 77 NY2d 808; Torri v Big V, 147 AD2d 743, 744), thereby shifting the burden to plaintiffs to come forward with evidentiary proof sufficient to raise triable issues of fact (see, Zuckerman v City of New York, 49 NY2d 557, 562).

Contrary to Supreme Court's determination, plaintiffs failed to satisfy that burden. Plaintiff candidly acknowledged that

she had no idea how long the eggs had been on the floor or if store employees had knowledge of the condition prior to her fall *(see, Torri v Big V, supra).* Moreover, there was no description of the configuration or appearance of the eggs, such as proof that the eggs were smeared or dirty, and thus no evidentiary basis for an inference as to the duration of the condition *(see, Wells v Golub Corp.,* 182 AD2d 927). Nor have plaintiffs demonstrated that the placement of a cheese display in the dairy aisle obstructed plaintiff's view or impeded her ingress or egress. Similarly, plaintiffs' reliance on perceived inconsistencies and contradictions in the testimony of two store employees is misplaced inasmuch as the asserted discrepancies do not bear on the central issue of defendants' notice. As a final matter, in the absence of a showing that additional evidence would assist in raising a factual issue, we reject the contention that defendants' motion should have been denied because they failed to comply with Supreme Court's discovery order *(see, Chemical Bank v PIC Motors Corp.,* 58 NY2d 1023, 1026; *Lowrey v Cumberland Farms,* 162 AD2d 777, 778-779).

Yesawich Jr., J. P., Crew III, White and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendants and complaint dismissed.