■ GLORIA SNYDER et al., Respondents, v GOLUB CORPORATION et al., Appellants. [605 NYS2d 166] —Mahoney, J. Appeal from an order of the Supreme Court (Spain, J.), entered August 19, 1992 in Rensselaer County, which denied defendants' motion for summary judgment dismissing the complaint.

This personal injury action arises out of a slip and fall by plaintiff Gloria Snyder on a loose grape in the dairy aisle of defendants' Price Chopper supermarket in the Town of East Greenbush, Rensselaer County. Following joinder of issue and the completion of discovery, defendants moved for summary judgment arguing lack of actual or constructive notice of the assertedly dangerous condition. In opposition, plaintiffs essentially conceded that the evidence adduced was insufficient to establish actual notice or constructive notice based upon the length of time the grape had been on the floor (see, e.g., Gordon v American Museum of Natural History, 67 NY2d 836). However, relying on Weisenthal v Pickman (153 AD2d 849), they argued instead that the multitude of accidents involving persons slipping on grapes in this and other Price Chopper stores gave defendants actual knowledge of a recurrent dangerous condition and that this knowledge charged them with constructive notice of each reoccurrence. In support of their position, plaintiffs submitted 25 Price Chopper acci-

dent reports which involved persons slipping on grapes in Price Chopper supermarkets throughout Albany and Rensselaer Counties during a five-year period preceding the accident. Of those reports, however, only one occurred at the East Greenbush Price Chopper store. Supreme Court denied the motion, concluding that it could not be said as a matter of law that "defendants were not negligent and did not in some way contribute to the accident". Defendants appeal.

We reverse. While this Court has recognized that constructive notice of a dangerous condition can be inferred in instances where the landowner is shown to have actual knowledge of a recurrent dangerous condition (see, Padula v Big V Supermarkets, 173 AD2d 1094, 1096), here there is no evidence that falling grapes were a reoccurring situation at the East Greenbush Price Chopper store (see, Hirschman v City of New York, 193 AD2d 581; Morales v Jolee Consolidators, 173 AD2d 315, 316; Scirica v Ariola Pastry Shop, 171 AD2d 859; Weisenthal v Pickman, supra), much less that they regularly were permitted to remain on the floor there for an unreasonable length of time (cf., Alvarez v Mendik Realty Plaza, 176 AD2d 557, 558, lv denied 79 NY2d 756; Scirica v Ariola Pastry Shop, supra). At best, the evidence established only one prior accident along with a general awareness that produce may fall to the floor. Under prevailing authority such a showing is insufficient to charge defendants with constructive notice (see, Paolucci v First Natl. Supermarket Co., 178 AD2d 636).

Mercure, J. P., Cardona, White and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendants and complaint dismissed.