■ MAIJA COLLINS, as Executrix of PAULINE L. DAMBIS, Deceased, Appellant, v GRAND UNION COMPANY, Respondent. [608 NYS2d 335] —Crew III, J. Appeal from an order of the Supreme Court (Conway, J.), entered September 25, 1992 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

This action arises out of injuries allegedly suffered by plaintiff's decedent when she slipped and fell on the floor in defendant's Delaware Plaza store located in the Town of Bethlehem, Albany County. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court granted defendant's motion and this appeal ensued.

We affirm. It is well settled that in cases involving a slip and fall as the result of a slippery or foreign substance on a supermarket floor, the plaintiff must establish that the defendant either created the allegedly dangerous condition or had actual or constructive notice of it *(see, Browne v Big V Supermarkets,* 188 AD2d 798, *lv denied* 81 NY2d 708; *Edwards v Terryville Meat Co.,* 178 AD2d 580; *Benware v Big V Supermarkets,* 177 AD2d 846, 847; *Lowrey v Cumberland Farms,* 162 AD2d 777, 778). Where, as here, there is no indication in the record that defendant created the dangerous condition or had actual notice of it, plaintiff must proceed on the theory of constructive notice. To that end, it is fundamental that "[t]o constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" *(Gordon v American Museum of Natural History,* 67 NY2d 836, 837; *see, Garcia v New York City Hous. Auth.,* 183 AD2d 619, 620; *Edwards v Terryville Meat Co., supra).*

Here, defendant's store manager testified at his examination before trial that upon inspecting the floor in the vicinity of the fall, he was able to detect a colorless, odorless and misty substance, but only after he knelt on the floor and wiped his hand across the floor. Similarly, plaintiff's decedent testified that she observed three patches of a colorless, sticky substance on the floor, but her examination before trial testimony makes clear that she observed these patches only after she fell and was lying on the floor. Even assuming, arguendo, that this unknown substance was "visible and apparent", plaintiff's decedent failed to offer any proof as to how long the substance had been on the floor prior to her fall, and a finding that the substance had been on the floor for any appreciable length of time would be based upon pure speculation (see, e.g., Monje v Wegman's Enters., 192 AD2d 1133; Benware v Big V Supermarkets, supra, at 847; Torri v Big V, 147 AD2d 743, 744-745). Notably, there is no indication in the record that the substance was dirty or had been tracked through and, hence, no evidentiary basis for an inference as to how long the condition had existed (see, Salty v Altamont Assocs., 198 AD2d 591, 592; Wells v Golub Corp., 182 AD2d 927, 927-928). Accordingly, defendant's motion for summary judgment was properly granted.

Cardona, P. J., Mercure, White and Weiss, JJ., concur. Ordered that the order is affirmed, with costs.