■ BEATRICE MELTON et al., Respondents, v E.P.S. HAIR DESIGN, INC., Doing Business as MANE EVENT, Appellant. [610 NYS2d 53] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Roberto, J.), dated June 12, 1992, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

The plaintiff Beatrice Melton alleged that she was injured on the premises of the defendant beauty salon when she tripped over the attached, immobile footrest of a chair.

Upon the defendant's motion for summary judgment, the plaintiffs failed to submit evidence that the defendant or its employees turned the beauty salon chair in such a manner as to cause the footrest to face into the aisle and thereby create a

dangerous condition which caused Beatrice Melton to slip and fall *(see, Eddy v Tops Friendly Mkts.,* 59 NY2d 692, 694; *Payne v Big V Supermarkets,* 140 AD2d 422, 423; *Freeman v Rock-Hil-Uris, Inc.,* 30 NY2d 742, 743; *Earle v Channel Home Ctr.,* 158 AD2d 507, 508).

Moreover, in support of its motion for summary judgment, the defendant submitted evidence that there were no prior accidents or complaints regarding the footrests on the chairs, and the plaintiff's own deposition testimony demonstrated that the alleged dangerous condition existed for only a matter of minutes or seconds. As a result, there was no evidence of any prior actual or constructive notice of a defective condition *(see, Gordon v American Museum of Natural History,* 67 NY2d 836, 837; *Lewis v Metropolitan Transp. Auth.,* 64 NY2d 670; *Brown v Food Emporium,* 199 AD2d 136; *Snyder v Golub Corp.,* 199 AD2d 776; *Salty v Altamont Assocs.,* 198 AD2d 591; *Johnson v Grand Union Co.,* 158 AD2d 517, 518; *Anderson v Klein's Foods,* 139 AD2d 904, 905, *affd* 73 NY2d 835). As a result, the plaintiffs failed to raise a triable issue of fact and the complaint should have been dismissed *(see, Rabat v GNAC Corp.,* 180 AD2d 540, 541). Balletta, J. P., Ritter, Copertino and Goldstein, JJ., concur.