■ BRENDA L. BASHAW et al., Respondents, v RITE AID OF NEW YORK, INC., Appellant. [615 NYS2d 537] —Casey, J. Appeal from an order of the Supreme Court (Dier, J.), entered February 7, 1994 in Washington County, which denied defendant's motion for summary judgment dismissing the complaint.

This action arises out of injuries allegedly suffered by plaintiff Brenda L. Bashaw when she slipped and fell on the floor of defendant's store. It is well settled that in cases involving a slip and fall as a result of a foreign substance on a floor of a commercial enterprise, "to impose liability upon defendant, there must be evidence tending to show the existence of a dangerous or defective condition and that defendant created the condition or had actual or constructive notice thereof" *(Browne v Big V Supermarkets,* 188 AD2d 798, *lv denied* 81 NY2d 708). Our review of the record establishes that defendant made a prima facie showing that it did not create the condition or have actual or constructive notice thereof. Hence, the burden shifted to plaintiffs to come forward with evidentiary proof in admissible form sufficient to raise a triable issue of fact *(see, Zuckerman v City of New York,* 49 NY2d 557; *Browne v Big V Supermarkets, supra).* To meet their burden, plaintiffs proceeded on the theory of constructive notice, which required them to show that the defect was visible and apparent and existed for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it *(see, Gordon v American Museum of Natural History,* 67 NY2d 836, 837).

Plaintiffs claim that defendant had constructive notice of the spilled substance because the appearance of the substance when the fall occurred implies that the substance had been exposed to the air for a long period of time. There is, however, no evidence in the record as to the amount of time necessary for the exposed substance to discolor in the manner alleged by plaintiffs. We are left to speculate whether the discoloration occurred within seconds after the spill or required several hours of exposure as plaintiffs claim. Plaintiffs, therefore, failed to meet their burden in opposition to defendant's motion for summary judgment *(see, Anderson v Klein's Foods,* 73 NY2d 835, *affg on mem below* 139 AD2d 904; *Monje v Wegman's Enters.,* 192 AD2d 1133; *Batiancela v Staten Is. Mall,* 189 AD2d 743; *Browne v Big V Supermarkets, supra).*

Mercure, J. P., White and Weiss, JJ., concur.

Peters, J. (dissenting). I respectfully dissent. The record reflects that while plaintiff Brenda L. Bashaw conceded that she did not know how the material came to be on the floor or how long it had been there, she did submit her sworn deposition testimony which indicated that the substance on the floor was white in color with a yellow-tan discoloration around the outermost perimeter. She further testified that the material was located near the base of a shelf and that a dust ball, the size of a golf ball, was actually in it. Moreover, the affidavit of JoAnn Patch, an assistant manager who had worked in the store on the night before the accident, established that the floor was swept "at or *near* the time of closing" (emphasis supplied), notably not after the store was actually closed. The record further reveals that the floor, a dull white color with darker specks of color, was not inspected upon opening and that the accident occurred approximately one hour and 15 minutes after the store had opened. Hence, I believe that plaintiffs provided sufficient proof to raise a triable issue that the substance on the floor was visible and had existed for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it *(see, Gordon v American Museum of Natural History,* 67 NY2d 836, 837; *Salty v Altamont Assocs.,* 198 AD2d 591).

Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.