*969
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the complaint dismissed.
 

 Plaintiff Helen Piacquadio slipped and fell in defendants’ restaurant on a terrazzo stair where liquid had accumulated to cover an area approximately 10 inches by 6 inches in size. Nothing in the record establishes that the terrazzo was otherwise dangerous or negligently maintained
 
 (see, Kline v Abraham,
 
 178 NY 377). Because a "general awareness” that a dangerous condition may be present is legally insufficient to constitute notice of the particular condition that caused plaintiff’s fall
 
 (see, Gordon v American Museum of Natural History,
 
 67 NY2d 836, 838;
 
 see also, Madrid v City of New York,
 
 42 NY2d 1039), liability could be predicated only on failure of defendants to remedy the danger presented by the liquid after actual or constructive notice of the condition.
 

 The evidence does not establish that defendants had either actual or constructive notice of the hazardous condition that caused plaintiff to slip and fall, and accordingly the complaint should be dismissed.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 Order reversed, etc.