■ Janie Adams, Respondent, v Alexander's Department Stores of Brooklyn, Inc., et al., Defendants, and Ogden Services Corporation, Appellant. [639 NYS2d 826] —Order of the Supreme Court, Kings County (Melvin Barasch, J.), entered April 3, 1995, which denied defendant-appellant's cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed.

Plaintiff Janie Adams alleges that, on June 29, 1990, at approximately 8:30 P.M., while on the second floor of the Kings Plaza Mall, she slipped and fell, sustaining injuries that ultimately required fusion of her lumbar spine. At her examination before trial, plaintiff testified that she slipped on melted

ice cream, landing on her left side. After she sat up, she observed that there was ice cream on her left shoe.

Plaintiff was assisted by one Herman Morales, who was employed by Gianni's, a clothing store located next to a Haagen Dazs store. In an unsigned statement, reduced to writing by an investigator engaged by plaintiff's law firm, Mr. Morales said that the condition was brought to the attention of a worker employed by the mall at some time prior to the accident. Upon being deposed, however, Mr. Morales stated that he could not recall the events in question.

It is undisputed that defendant Ogden Services Corporation was solely responsible for the common areas of Kings Plaza under a written maintenance contract covering the entire Kings Plaza Mall. Ogden's Operations Manager acknowledged that Ogden personnel patrolled the common areas of the mall and, in the event a spill occurred, Ogden maintenance personnel would be contacted to clean it up. She further verified that Herman Morales was employed by Gianni's at the time of plaintiff's accident.

Supreme Court denied defendant's cross motion for summary judgment dismissing the complaint, concluding that there exists a triable issue of fact whether Ogden had actual or constructive notice of the alleged defective condition. On appeal, Ogden contends that plaintiff has failed to make out a prima facie case against it. Defendant further contends that the unsigned and unidentified writing, claimed to be a statement from Mr. Morales, is without evidentiary value.

To make out a prima facie case, plaintiff must demonstrate that defendant either created the condition which proximately caused her injury or that defendant had actual or constructive notice of the hazardous condition and failed to correct it (*Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969; *Gordon v American Museum of Natural History*, 67 NY2d 836, 838). Construing the inferences that may reasonably be drawn from the evidence in a light most favorable to plaintiff (*Sultan v Kings Highway Hosp. Ctr.*, 167 AD2d 534, 535), the record demonstrates only that plaintiff fell on ice cream, not how or when that substance came to be on the floor.

A party opposing summary judgment is required to "submit evidentiary facts or materials, by affidavit or otherwise * * * demonstrating the existence of a triable issue of ultimate fact" (*Indig v Finkelstein*, 23 NY2d 728, 729). The unsworn statement by Mr. Morales is devoid of probative value. It does not constitute evidentiary proof in admissible form so as to raise a triable issue of fact sufficient to defeat a motion for summary

judgment (*Jacobs v Schleicher*, 124 AD2d 785, 786, citing *Zuckerman v City of New York*, 49 NY2d 557, 562; *but see, Rennie v Barbarosa Transp.*, 151 AD2d 379 [unsworn statement signed by unknown person held sufficient to defeat summary judgment]). While it is recognized that, under certain circumstances, evidence otherwise inadmissible at trial may be sufficient to defeat a motion for summary judgment, there must in such event be some competent evidence to support the motion (*Phillips v Kantor & Co.*, 31 NY2d 307 [Dead Man's Statute]). As the Court of Appeals stated in *Downey v General Foods Corp.* (31 NY2d 56, 62), "The hope, expressed by the plaintiff that he may be able to prove that the witnesses who gave testimony in examinations before trial lied, is clearly insufficient to create an issue of fact requiring a trial or defeat the defendant's motion for summary judgment." Concur—Murphy, P. J., Rubin, Ross and Tom, JJ.