■ JULIA WINECKI, Respondent, v WEST SENECA POST 8113, INC., Appellant. [643 NYS2d 292] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: In this action, plaintiff alleges that, while she was walking across the dance floor in the banquet room of defendant's premises, she was caused to slip and fall because of liquid on the floor. Supreme Court denied defendant's motion for summary judgment dismissing the complaint. We reverse.

In slip and fall cases involving the presence of slippery or wet substances, absent evidence that the owner of the premises created a dangerous condition, "liability [can] be predicated only on failure of [the owner] to remedy the danger presented by the liquid after actual or constructive notice of the condition" (*Piacquadio v Recine Realty Corp.,* 84 NY2d 967, 969; *see, Monje v Wegman's Enters.,* 192 AD2d 1133; *Anderson v Klein's Foods,* 139 AD2d 904, *affd* 73 NY2d 835, *rearg denied* 73 NY2d 918). There is no merit to the contention of plaintiff that defendant created the dangerous condition because the configuration of its banquet room required patrons to carry their drinks across the dance floor from the bar to their tables, thereby creating a danger of spills (*see, Fink v Board of Educ.,* 117 AD2d 704, *lv denied* 68 NY2d 607).

We further conclude that defendant met its initial burden of showing that it did not have actual notice of the alleged dangerous condition, and that plaintiff failed to raise an issue of fact in response to that proof.

With respect to constructive notice, there is no evidence regarding when the liquid was spilled on the floor. Plaintiff merely speculates that, before she fell, someone must have

spilled liquid while walking across the floor. There is, therefore, no basis to conclude that the liquid was on the floor a sufficient length of time that defendant, in the exercise of due care, should have known of and corrected the condition (*see, Gordon v American Museum of Natural History,* 67 NY2d 836, 838; *Anderson v Klein's Foods, supra,* at 905). Further, an owner's "general awareness" that a dangerous condition may exist is insufficient to support a finding that the owner had constructive notice of the specific condition that caused the plaintiff to slip and fall (*Gordon v American Museum of Natural History, supra,* at 838; *see, Piacquadio v Recine Realty Corp., supra,* at 969; *Snyder v Golub Corp.,* 199 AD2d 776, 777, *lv denied* 83 NY2d 754). Thus, the fact that defendant's past president checked the dance floor for spills every 15 to 20 minutes that evening, without more, is insufficient to raise an issue of fact with respect to constructive notice. (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Denman, P. J., Green, Wesley, Balio and Boehm, JJ.