■ INA PACIELLO et al., Appellants, v WALDBAUM'S SUPERMARKET, INC., Respondent. [647 NYS2d 966] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Patterson, J.), dated March 8, 1995, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Ina Paciello allegedly slipped on a leafy green vegetable on the floor of the produce aisle in a supermarket owned by the defendant, Waldbaum's Supermarket, Inc. The only evidence submitted by the plaintiffs that the defendant had notice of the condition was the deposition testimony of the defendant's produce manager to the effect that produce sales was a "sloppy" business and that he cleaned and/or inspected the produce aisle twenty times a day.

There was no evidence that the defendant had actual notice of the leafy green vegetable on the aisle floor or that the alleged hazardous condition was visible, apparent, and existed for a sufficient length of time to constitute constructive notice *(see, Gordon v American Museum of Natural History,* 67 NY2d 836). Moreover, contrary to the plaintiffs' contention, the evidence was insufficient for the trier of fact to rationally infer that the defendant had actual notice of a recurring hazard such that it should be charged with constructive notice of each

specific recurrence of the condition *(see, Piacquadio v Recine Realty Corp.,* 84 NY2d 967; *Mercer v City of New York,* 223 AD2d 668).

The plaintiffs' contention that the defendant violated industry standards by failing to extend the use of nonskid matting to cover the entire produce area is without merit *(see, Browne v Big V Supermarkets,* 188 AD2d 798).

The plaintiffs' remaining contentions are unpreserved for appellate review or without merit. Rosenblatt, J. P., Santucci, Joy and Hart, JJ., concur.