**Anne QUARLES, Plaintiff,**

v.

**COLUMBIA SUSSEX CORPORATION, Individually and d/b/a Radisson Islandia Hotel, Defendants.**

No. 96–CV–0754(JS).

United States District Court, E.D. New York.

March 9, 1998.

Charles S. Hefter, Oshman & Helfenstein, LLP, New York City, for plaintiff.

Dennis J. Brady, Curtis, Zaklukiewicz, Vasile, Devine, & McElhenny, Merrick, NY, for defendants.

## MEMORANDUM AND ORDER

SEYBERT, District Judge.

Presently pending before the Court is defendants' motion for summary judgment in this diversity jurisdiction "slip and fall" personal injury negligence action. The defendants have established that there are no genuine issues of material fact in dispute and are entitled to judgment as a matter of law, and therefore, defendants' motion for summary judgment is granted.

## BACKGROUND

On Saturday October 20, 1993, the plaintiff, Anne Quarles, was employed by the Teachers Education Institute and was present at the Radisson Islandia Hotel ("Radisson") to teach a course in self esteem to school teachers in the Long Island area. The plaintiff arrived at the Radisson on Friday afternoon and gave the first three hours of instruction that evening. The following morning, the plaintiff went downstairs into the hotel restaurant for breakfast, after which she went into the meeting room to make sure her class materials were in their proper place. About twenty to thirty minutes later, at approximately 8:00 A.M., the plaintiff, wearing flat heeled shoes, proceeded toward the elevator bank intending to return to her room to freshen up before class. En route, while walking on the marble floor in the vicinity of the elevator, she slipped and fell to the ground.

Mr. and Mrs. Sierra apparently observed the fall from a nearby lobby couch and came to the plaintiff's aid. Plaintiff testified at a deposition that the Sierras told her, "you slipped there in the coffee." The plaintiff observed a nine inch by eight inch puddle with a heel mark right through it. The plaintiff also testified that there were people in the lobby area holding coffee cups during the time in question and recalls seeing a coffee cart in the vicinity. After resting a few moments on the floor, the plaintiff was helped up and proceeded to her room.

After returning to the lobby and prior to her 8:30 A.M. class, Ms. Quarles went to the reception desk to fill out an accident report. The plaintiff was informed that hotel desk personnel do not fill out reports and that an assistant manager would contact her. The following day, she spoke with an assistant manager who did not prepare a report of the incident but informed the plaintiff that he had himself previously fallen on the slippery marble floor while placing goods into a closet. On December 3, 1993, during the plaintiff's subsequent visit to the Radisson, an official written report was taken by the manager, Susanne Allen.

Ms. Quarles completed the weekend seminar and was first medically treated on the following Monday, October 22, 1993. She subsequently underwent hip replacement surgery and arthroscopic surgery on her knee.

On February 21, 1996, the plaintiff commenced this instant action by filing a complaint, and is demanding a trial by jury.

## DISCUSSION

### I. STANDARDS FOR GRANTING SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(c), courts may not grant a motion for summary judgment unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden of proof is on the moving party to show that there is no genuine issue of material fact, *Gallo v. Prudential Residential Servs., L.P.*, 22 F.3d 1219, 1223 (2d Cir.1994) (citing *Heyman v. Commerce & Indus. Ins. Co.*, 524 F.2d 1317, 1320 (2d Cir.1975)), and "all ambiguities must be resolved and all inferences drawn in favor of the party against whom summary judgment is sought." *Id.* (citing *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 249

(2d Cir.1985), *cert. denied,* 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987)). "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (citing 10A Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2725, at 93–95 (1983)).

A party opposing a motion for summary judgment " 'may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.' " *Id.* at 248, 106 S.Ct. at 2510 (quoting *First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)). Under the law of the Second Circuit, "when no rational jury could find in favor of the nonmoving party because the evidence is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo,* 22 F.3d at 1224 (citing *Dister v. Continental Group, Inc.,* 859 F.2d 1108, 1114 (2d Cir.1988)).

It is within this framework that the Court addresses the present summary judgment motion.

## II. A PRIMA FACIE NEGLIGENCE CLAIM

■■■ As the alleged negligent acts and the accident occurred in New York, based upon the teachings of *lex loci delicti,* New York substantive law will govern this diversity action. The defendants claim that summary judgment is appropriate because the plaintiff has failed to establish a prima facie case of negligence. Generally, in a negligence action, a plaintiff must establish that: (1) the defendant owed the plaintiff a cognizable duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered damage as a proximate result of the breach. *See Solomon v. City of New York,* 66 N.Y.2d 1026, 1027, 499 N.Y.S.2d 392, 392, 489 N.E.2d 1294 (1985). As the owner or operator of the Radisson, it is a given that the defendants had a duty to maintain the hotel in a reasonably safe condition. *See Basso v. Miller,* 40 N.Y.2d 233, 241, 386 N.Y.S.2d 564, 568, 352 N.E.2d 868 (1976).

■■■ Specifically, to establish a prima facie case of negligence in a slip and fall action, the plaintiff must demonstrate that the defendants "created the condition which caused the accident, or that the defendant[s] had actual or constructive notice of the condition." *Bykofsky v. Waldbaum's Supermarkets, Inc.,* 210 A.D.2d 280, 619 N.Y.S.2d 760, 761 (2d Dep't 1994). *See also Piacquadio v. Recine Realty Corp.,* 84 N.Y.2d 967, 969, 622 N.Y.S.2d 493, 494, 646 N.E.2d 795 (1994); *Gordon v. American Museum of Natural History,* 67 N.Y.2d 836, 837, 501 N.Y.S.2d 646, 647, 492 N.E.2d 774 (1986).

### A. Creation Of The Condition

The defendants claim that there is no evidence that the defendant Radisson actually created the condition which caused the accident or that they had actual knowledge of its existence. They assert that the mere fact that a coffee cart was set up for guests does not amount to creation.

Through deposition testimony, the plaintiff has established that the Radisson placed an unattended coffee cart in the lobby on a daily basis during the early morning hours, for the use of airline personnel in particular, and guests in general. The cart was apparently available only till 7:00 A.M. In those instances when a large banquet or meeting was held, coffee would be made available in the lobby for the participants. In addition, coffee was obtainable for take-out in the hotel restaurant.

Although no witnesses specifically testified to the origin of the spillage, it can be inferred that the puddle's contents was Radisson coffee. The mere fact that the hotel supplied the coffee, however, does not establish the creation of the puddle, because the puddle is not a direct consequence of the defendant's passive activity of providing guests with coffee. The intervening act of spilling the coffee creates the condition and it is not attributable to the defendant absent either spilage by the defendants' employees or conduct on the defendants' part which demonstrably increases the risk of creating the condition.

In a case presenting indistinguishable circumstances from the case at bar, the Fourth Appellate Department reversed a denial of

summary judgment and held "[t]here is no merit to the contention of plaintiff that defendant created the dangerous condition because the configuration of its banquet room required patrons to carry their drinks across the dance floor from the bar to their tables, thereby creating a danger of spills." *Winecki v. West Seneca Post 8113, Inc.*, 227 A.D.2d 978, 643 N.Y.S.2d 292, 293 (4th Dep't 1996).

When the plaintiff in *Huth v. Allied Maintenance Corp.*, 143 A.D.2d 634, 532 N.Y.S.2d 880 (2d Dep't 1988), slipped and fell in a liquid on the floor of the clubhouse inside Aqueduct Racetrack, some fifteen to twenty feet from the entrance to a restaurant, she sued, *inter alia*, the restaurant owner/operator, ARA. The court granted summary judgment for the restaurant stating that "[t]he conjecture . . . that the spilled soda might have been purchased in one of ARA's concession stands would not, even if true, suffice to make ARA liable for the plaintiff['s] . . . fall in absence of proof that ARA itself or one of its employees had caused the spill." *Id.*, 532 N.Y.S.2d at 882. Continuing, the court suggested that "[i]n any event, mere suspicion, surmise and accusation are not enough to defeat a motion for summary judgment." *Id.* (internal quotation omitted).

Similarly, in *Fink v. Board of Education of City of New York*, 117 A.D.2d 704, 498 N.Y.S.2d 440 (2d Dep't 1986), the plaintiff tripped over a box in an aisle—which was not there fifteen minutes before—and although the court acknowledged that only the defendant's employees were in the room during the prior quarter hour, it refused to impute the creation of the condition to the defendant, reserving attribution to those limited "situations where the defendant has created the condition by some affirmative act." *Id.*, 498 N.Y.S.2d at 441; *cf. Cook v. Rezende*, 32 N.Y.2d 596, 599, 347 N.Y.S.2d 57, 59, 300 N.E.2d 428 (1973) (reversing dismissal for failing to establish actionable negligence where the landlord purposely protruded a garden hose from the second-story window to prevent people from sitting on the steps by covering the stairway with water; the court distinguished permitting a dangerous condition to exist for which no cause of action lies,

with the defendant's affirmative act in creating the condition complained of).

█ At this juncture, all that is really known is that the plaintiff slipped on spilt coffee in the defendants' hotel. There is no proof, only mere speculation, as to how the substance got on the floor, or whether the defendants or their employees created the condition, and absent evidentiary proof in admissible form to prove otherwise, the plaintiff has not raised a triable issue of fact. *See, e.g., Gluskin v. National Railroad Passenger Corp.*, No. 92–CV–3814, 1994 WL 285483, at *2 (S.D.N.Y. June 28, 1994) (granting defendant summary judgment because "the record is devoid of any evidence that the defendants created the puddle"); *Adams v. Alexander's Dep't Stores of Brooklyn, Inc.*, 226 A.D.2d 130, 639 N.Y.S.2d 826, 828 (1st Dep't 1996) (reversing denial of summary judgment and dismissing the complaint because "the record demonstrates only that plaintiff fell on ice cream [in defendant's property], not how or when that substance came to be on the floor"); *Melton v. E.P.S. Hair Design, Inc.*, 202 A.D.2d 649, 610 N.Y.S.2d 53, 53 (2d Dep't 1994) (defendant was responsible for the chair but there was no evidence that the defendant had created the dangerous condition by turning the chair so that the footrest faced the aisle); *Bowers v. Vial*, 78 A.D.2d 534, 431 N.Y.S.2d 719, 720 (2d Dep't 1980) (affirming dismissal of the complaint where the plaintiff slipped and fell on the stairway and no proof was offered of how the substance got there or who created the condition).

█ A party opposing summary judgment is required to "submit evidentiary facts or materials, by affidavit or otherwise demonstrating the existence of a triable issue of ultimate fact." *Indig v. Finkelstein*, 23 N.Y.2d 728, 729, 296 N.Y.S.2d 370, 371, 244 N.E.2d 61 (1968). *See also Salkey v. New York Racing Ass'n*, 665 N.Y.S.2d 521, 521 (2d Dep't 1997) ("defendants met their initial burden of establishing that they neither created nor were aware of the alleged dangerous condition. In opposition, the plaintiffs failed to raise an issue of fact as to actual or constructive notice"). Accordingly, the plaintiff herein has failed to establish a factual

issue pertaining to the creation of the condition.

## B. Notice

■ Absent a showing that the defendant created the condition, the plaintiff must demonstrate either actual or constructive notice as an element of their prima facie case. The defendants claim that the plaintiff has failed to submit evidence establishing that the defendants had notice of the dangerous condition. The defendants are ultimately charged with establishing the absence of notice as a matter of law. *See Torres v. New York City Hous. Auth.*, 214 A.D.2d 518, 625 N.Y.S.2d 536, 537 (1st Dep't 1995); *Colt v. Great Atl. & Pac. Tea Co. Inc.*, 209 A.D.2d 294, 618 N.Y.S.2d 721, 722 (1st Dep't 1994).

### 1. Actual Notice of the Dangerous Condition

■ Actual notice requires the plaintiff to prove that the defendants were, in fact, aware of the dangerous condition. Defendants have actual notice of a defect if they created the condition or received reports of it such that they have actual knowledge of the defect's existence. *See Torri v. Big V of Kingston, Inc.*, 147 A.D.2d 743, 537 N.Y.S.2d 629, 631 (3d Dep't 1989). When a dangerous condition is the result of several factors, actual notice requires knowledge of each of those factors. *Wisner v. United States*, 154 F.R.D. 39, 45 (N.D.N.Y.1994). There is no evidence suggesting that Radisson, or its employees, were aware of the spilt coffee, and therefore the defendants did not have actual notice of the condition.

### 2. Constructive Notice of the Dangerous Condition

■ A defendant has constructive notice if the condition is "visible and apparent" and "exist[s] for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Gordon*, 67 N.Y.2d at 837, 501 N.Y.S.2d at 647, 492 N.E.2d 774. This requires the plaintiff to present proof of the length of time the condition existed prior to the alleged fall. *Id.; see also Hammond–Warner v. United States*, 797 F.Supp. 207, 211 (E.D.N.Y.1992);

*Maguire v. Southland Corp.*, 665 N.Y.S.2d 680, 681 (2d Dep't 1997) ("Without evidence legally sufficient to permit a jury to rationally infer that the defendant had constructive notice of a dangerous condition, the defendant cannot be held liable for failure to warn or to remedy the defect.").

■ As there is no evidence of the creation of the condition, the defendants aver, it cannot be determined how long it existed prior to the accident, and therefore the plaintiff cannot establish a case of constructive notice. Defendants do suggest, however, that the coffee could not have been on the tile floor for more than thirty minutes prior to the accident, because the plaintiff herself walked through the immediate area on the way to the meeting room and did not see the coffee on the floor. This, however, is of no significance. The puddle of coffee could have lay there awaiting, as imperceptible to the plaintiff's eye at that moment as it was at the time of the accident. The plaintiff, however, did describe the puddle as intact with a single heel mark running through, indicative of a recent spill.

Assuming *arguendo* that the coffee was "visible and apparent," there is no evidence as to when the coffee was spilled on the floor, and plaintiff's failure to offer such evidence is fatal to her claim of constructive notice. *See, Hammond–Warner*, 797 F.Supp. at 211 ("plaintiff does not know how long the substance on which she allegedly slipped had been on the sidewalk prior to her fall"); *Gordon*, 501 N.Y.S.2d at 647, 492 N.E.2d 774 ("the piece of paper that caused plaintiff's fall could have been deposited there only minutes or seconds before the accident and any other conclusion would be pure speculation"); *Koser v. Supermarkets General Corp.*, 663 N.Y.S.2d 888, 889 (2d Dep't 1997) (plaintiff, who slipped and fell on a sweet potato he described as black and rotten, did not sufficiently raise a triable issue with respect to notice to the defendants); *Kane v. Human Services Center, Inc.*, 186 A.D.2d 539, 588 N.Y.S.2d 361, 362 (2d Dep't 1992) (reversing denial of summary judgment in part because "[t]he mere existence of the puddle on the floor is insufficient to impute notice to the defendant, and there is no evidence that the

liquid was present on the hallway floor for such a period of time as to give rise to constructive notice"); *Melton v. Sears, Roebuck and Co.*, 157 A.D.2d 964, 550 N.Y.S.2d 222, 223 (3d Dep't 1990) ("[t]o conclude from the evidence that the wet condition of the floor was allowed to exist for any appreciable time is mere speculation"); *Anderson v. Klein's Foods, Inc.*, 139 A.D.2d 904, 527 N.Y.S.2d 897, 898 (4th Dep't) *aff'd* 73 N.Y.2d 835, 537 N.Y.S.2d 481, 534 N.E.2d 319 (1988) ("any finding that the grapes had been on the floor for any appreciable period of time would be mere speculation").

Moreover, as the evidence supports the conclusion that the puddle had not been previously stepped in, the telltale signs supporting an inference of a long-standing condition are not present. *See Collins v. Grand Union Co.*, 201 A.D.2d 852, 608 N.Y.S.2d 335, 336 (3rd Dep't 1994) ("there is no indication in the record that the substance was dirty or had been tracked through and, hence, no evidentiary basis for an inference as to how long the condition had existed"); *see also Salty v. Altamont Assocs.*, 198 A.D.2d 591, 603 N.Y.S.2d 352, 353 (3d Dep't 1993) (absent description of dirty appearance of eggs, there was no evidentiary basis for an inference as to the duration of the condition); *Wells v. Golub Corp.*, 182 A.D.2d 927, 582 N.Y.S.2d 557, 558 (3d Dep't 1992) ("no evidence that the ... mayonnaise was dirty or that it was tracked through. Under these circumstances plaintiffs could not rely on a theory of constructive notice"); *but see Bashaw v. Rite Aid of New York Inc.*, 207 A.D.2d 632, 615 N.Y.S.2d 537, 538 (3rd Dep't 1994) (discolored food alone is insufficient to establish the period of time the condition existed absent "evidence in the record as to the amount of time necessary for the exposed substance to discolor in the manner alleged by plaintiffs").

Therefore, there is no basis to conclude that the coffee was on the floor for a sufficient length of time such that the defendants, in the exercise of due care, should have known of, and corrected, the condition. Accordingly, the defendants have established the absence of constructive notice as a matter of law.

### 3. A Recurrent Dangerous Condition

The plaintiff maintains that the wet condition on the marble floor, which led to plaintiff's fall and injury, was a recurrent condition, placing the defendants on constructive notice of the dangerous condition. It is correct that New York law provides, "when a landowner has actual knowledge of the tendency of a particular dangerous condition to reoccur, he is charged with constructive notice of each specific reoccurrence of that condition." *Weisenthal v. Pickman*, 153 A.D.2d 849, 545 N.Y.S.2d 369, 371 (2d Dep't 1989) (citations omitted). *See also Rivera v. National Railroad Passenger Corp.*, No. 90–CV–5201, 1994 WL 512421, at *3 (S.D.N.Y. Sept.19, 1994) (plaintiff's observation of water accumulation on four or five previous occasions does not establish a recurring, dangerous condition); *O'Connor–Miele v. Barhite & Holzinger, Inc.*, 234 A.D.2d 106, 650 N.Y.S.2d 717, 719 (1st Dep't 1996) (finding a recurrent condition while acknowledging that "this burden is a significant one"); *Padula v. Big v. Supermarkets*, 173 A.D.2d 1094, 570 N.Y.S.2d 850 (3rd Dep't 1991) (repeated inclement weather established recurrent dangerous situation).

Evidence of a recurrent dangerous condition establishes constructive notice even though there is no evidence of the visibility and duration of the condition. However, the facts are to be analyzed in light of the closely allied situation in which an owner has only a "general awareness" of the existence of a dangerous condition. Such "general awareness" is legally insufficient to support a finding that the owner had constructive notice of the specific condition that caused the plaintiff to slip and fall. *Gordon*, 67 N.Y.2d at 838, 501 N.Y.S.2d 646, 492 N.E.2d 774; *Piacquadio*, 84 N.Y.2d at 969, 622 N.Y.S.2d 493, 646 N.E.2d 795; *Winecki*, 643 N.Y.S.2d at 293; *Snyder v. Golub Corp.*, 199 A.D.2d 776, 605 N.Y.S.2d 166, 167 (3d Dep't 1993) (reversing denial of summary judgment because the evidence only established a general awareness that produce may fall to the floor).

The plaintiff points to two facts in support of the proposition that the condition was a recurrent one. First, the bellhop's testimony that stains on the carpet abutting the marble

tile made him aware that food had been spilled in the past. Second, the purported statement by the assistant manager that he had also fallen and injured himself on the slippery marble floor. Taken individually or together, these statements do not establish a factual issue of a possible recurrent condition. Food stains on the carpet adjacent to the couches only signifies that at some point in the past food was dropped, and does not establish a potentially dangerous condition. Likewise, the assistant manager's fall was a one time occurrence, to which numerous other factors may have contributed. There is no indication that other employees or guests have fallen on the marble or that it was recently installed, precluding the chronicling of similar accidents. Taken together, the statements at most establish nothing more than a general awareness for a potential dangerous condition, and do not rise to the level of a recurrent dangerous condition sufficient to place the defendants on constructive notice. *See Goodman v. United States,* 916 F.Supp. 362, 366 (S.D.N.Y.1996) (granting summary judgment to defendant because testimony of recurrent condition was too vague); *McClarren v. Price Chopper Supermarkets Inc.,* 226 A.D.2d 982, 640 N.Y.S.2d 702, 703 (3rd Dep't 1996) (two prior incidents where vandals removed the top from a bottle and turned it upside down were not "sufficiently similar to place defendant on notice of the condition giving rise to plaintiff's injury," which resulted from spillage from an upright bottle with the top in the open position).

Accordingly, there is no evidence upon which a jury could reasonably conclude that the defendants created the dangerous condition, or had actual or constructive knowledge of the dangerous condition.

The Court commiserates with the injury plaintiff suffered, however, although the laws of physics provide for every action there is a reaction, the law of torts cannot recompense ever slip and fall sans negligence.

### CONCLUSION

For all the aforementioned reasons, the defendants' motion for summary judgment is granted and the complaint is dismissed. The Clerk of the Court is directed to close the case.

SO ORDERED.