■ JOSEPHINE GODINO, Appellant, v MADISON SQUARE GARDEN, L.P., et al., Respondents. [708 NYS2d 102] —Order, Supreme

Court, New York County (Paula Omansky, J.), entered April 16, 1999, which, in an action to recover for personal injuries sustained in a slip and fall on aisle stairs in defendant concert hall, insofar as appealed from, granted motions by defendants concert hall and concert producer for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

The action was properly dismissed upon a record establishing that defendants did not have notice of the champagne and strawberries on which plaintiff claims she slipped and fell as she exited her row of seats at defendant concert hall (*see, Adams v Alexander's Dept. Stores*, 226 AD2d 130). We reject plaintiff's imputation of notice to the concert hall, based on her son's complaint to security personnel about the rowdy behavior of two women sitting in her row drinking champagne and eating strawberries, since the son's complaint was about rowdiness, not spillage. Indeed, neither plaintiff nor her son actually saw the two women spill anything at all, and could not say how long the spillage had been on the floor (*see, Priester v Madison Sq. Garden Corp.*, 230 AD2d 838; *Trujillo v Riverbay Corp.*, 153 AD2d 793). Plaintiff's attempt to hold the concert producer liable on the theory that security personnel would have noticed the spillage had they been permitted on the floor during the concert is pure speculation, particularly where plaintiff admits that neither she nor her children noticed the spillage before she fell. We have considered plaintiff's remaining contentions and find them to be unavailing. Concur—Williams, J. P., Tom, Mazzarelli, Rubin and Friedman, JJ.