Suffolk County (McCarthy, J.), entered April 19, 1984, which, among other things, declared that the lease grants to the defendant tenant, Long Island Oyster Farms, Inc., the right to harvest naturally grown shellfish, including clams, from the leased underwater lands, and dismissed the complaint.

Judgment affirmed, with costs.

Plaintiffs argue that the lease provision which gives Long Island Oyster Farms, Inc. the right to use the leased underwater lands for "planting, growing, and cultivating thereon and recovery therefrom oysters and other shellfish" should be construed to contain a restriction against removal of naturally grown clams, because the verbs are connected by "and" rather than "or". That is not the law. " 'And' is considered also as 'or' unless the document shows on its face that the word 'and' is to be literally construed" (*Lamborn v National Park Bank*, 212 App Div 25, 32, *affd* 240 NY 520). Nothing on the face of this document shows that a literal construction of the word "and" was intended. Plaintiffs also argue that the provision would appear ambiguous, and therefore would require the consideration of parol evidence (*Kalmon Dolgin Co. v Walnut Lanes*, 27 AD2d 843), if the operative words were read in reverse order. The only relevant inquiry in construing this lease is whether the meaning is clear and unambiguous when the words are read in the order in which they were formalized by the parties. So read, the provision does not reveal ambiguity, but rather, indicates unambiguously that the defendant Long Island Oyster Farms has the exclusive right to harvest all shellfish on the leased underwater lands indicated, whether they be naturally grown or cultivated. Brown, J. P., O'Connor, Weinstein and Rubin, JJ., concur.

■ PETER S. PAPPALARDO, Respondent, v LAWRENCE KATZ, Appellant.—In an action to recover damages for slander and tortious interference with a contract, defendant appeals from so much of an order of the Supreme Court, Rockland County (Buell, J.), dated October 27, 1983, as denied that branch of his motion which was for summary judgment as to the slander cause of action.

Order reversed, insofar as appealed from, on the law, with costs, and defendant's motion for summary judgment granted in its entirety (*see, Pappalardo v Meisel*, 112 AD2d 277). Brown, J. P., Weinstein, Niehoff and Lawrence, JJ., concur.

■ PETER S. PAPPALARDO, Respondent, v JEROME MEISEL, Appellant.—In an action to recover damages for slander and tortious interference with a contract, defendant appeals from

so much of an order of the Supreme Court, Rockland County (Buell, J.), dated October 27, 1983, as denied that branch of his motion which was for summary judgment as to the slander cause of action.

Order reversed, insofar as appealed from, on the law, with costs, and defendant's motion for summary judgment granted in its entirety.

An examination of plaintiff's affidavit in opposition to defendant's motion for summary judgment indicates that plaintiff has not raised any triable issues of fact. Since defendant made the alleged defamatory statement evaluating the qualifications, fitness and practices of plaintiff, as a physician, to the medical executive committee of the hospital, a qualified privilege attaches to that communication (see, Education Law § 6527 [5]). Malice destroys a qualified privilege; however, plaintiff offers only conclusory allegations that defendant wants to "drive him out of business", without offering any evidentiary facts to support this allegation. Suspicion, surmise and accusation are not enough to defeat a motion for summary judgment (see, Shapiro v Health Ins. Plan, 7 NY2d 56). Brown, J. P., Weinstein, Niehoff and Lawrence, JJ., concur.

■ JOHN K. REILLY et al., Respondents, v COUNTY OF NASSAU, Appellant, et al., Defendants.—In an action to recover damages for personal injuries, etc., defendant County of Nassau appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated November 9, 1984, which denied its motion to vacate plaintiffs' notice to take the deposition upon oral examination of a nonparty witness.

Order affirmed, with costs.

Plaintiffs have shown the need to depose the nonparty witness in order to fully prepare for trial. Hence, they are entitled to take his deposition pursuant to CPLR 3101 (a) (4) (see, Slabakis v Drizin, 107 AD2d 45, 47; Kelly v Shafiroff, 80 AD2d 601, 602). Lazer, J. P., Gibbons, Thompson and Kunzeman, JJ., concur.

■ ROLF H. G. SANDVOSS, Appellant, v MERILYN G. DUNKELBERGER, Respondent, et al., Defendant.—In an action, inter alia, to recover an attorney's fee, plaintiff appeals from an order of the Supreme Court, Westchester County (Ferraro, J.), entered March 23, 1984, which, among other things, denied that branch of his motion which was for partial summary judgment against defendant Merilyn G. Dunkelberger on an account stated.