■ JOEL DLUGASH et al., Appellants, v SOUTH NASSAU COMMUNITIES HOSPITAL et al., Respondents.—In an action, *inter alia,* to recover damages for defamation, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Roncallo, J.), dated September 16, 1987, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Dr. Dlugash was denied reappointment to the staff of the defendant hospital until he submitted to a psychiatric evaluation, which he refused to do. This incident was the genesis for several administrative hearings, three proceedings pursuant to CPLR article 78 and two other tort actions prior to the instant one. The plaintiffs maintain that the court erred by granting summary judgment to the defendants prior to the plaintiffs' completion of discovery. We disagree.

Although this action sets forth different legal theories of recovery and seeks different relief, it is grounded on the same gravamen of the wrong which formed the basis of the previous actions and proceedings. Therefore, the court properly concluded that the plaintiffs are precluded from relitigating the claims pursuant to the doctrine of res judicata *(see, Matter of Reilly v Reid,* 45 NY2d 24). The determination of the Public Health Council and the holding in one of the proceedings pursuant to CPLR article 78 was that the hospital had acted in good faith and that its actions were related to the objectives of the hospital. Therefore, the defendants are immune by statute from liability arising from the action complained of *(see, Pappalardo v Meisel,* 112 AD2d 277; Public Health Law § 2805-j [2]; Education Law § 6527 [5]). Accordingly, the complaint was properly dismissed. Thompson, J. P., Kunzeman, Weinstein and Eiber, JJ., concur.