■ EVA RUSSO, Plaintiff, v PEOPLE'S HOME FUNDING CORPO-RATION, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. RAYMOND LEBLANC et al., Third-Party Defendants-Appellants. [622 NYS2d 571] —In an action to recover damages for fraud, breach of contract, and legal malpractice, the third-party defendants appeal from an order of the Supreme Court, Westchester County (Coppola, J.), entered July 15, 1993, which denied their motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the third-party complaint is dismissed.

The third-party complaint alleged that the third-party defendants had prepared a real estate appraisal in a negligent manner. In support of their motion for summary judgment, the third-party defendants submitted evidentiary proof in admissible form, including, *inter alia,* a specific and factual affidavit from the third-party defendant LeBlanc, the actual appraiser, which made "a prima facie showing of entitlement to judgment by eliminating the material issues of fact from the case" *(Kelly v St. Peter's Hospice,* 160 AD2d 1123, 1124; *Zuckerman v City of New York,* 49 NY2d 557, 562). It was then incumbent upon the opposing parties to produce evidentiary proof in admissible form demonstrating that there existed a genuine triable issue of fact *(Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065). The third-party plaintiff and the plaintiff utterly failed in this regard *(see, Pappalardo v Meisel,* 112 AD2d 277, 278). Accordingly, summary judgment must be granted to the third-party defendants dismissing the third-party complaint. Sullivan, J. P., Rosenblatt, Joy and Altman, JJ., concur.