OPINION OF THE COURT
David B. Saxe, J.
This court is already familiar with the litigants in this case. Petitioner, Gloria R., is a 70-year-old grandmother suing for *142 visitation with her two grandchildren, Adrian, 7, and Caroline, 5. Respondents, Alfred R. and Jane R., the children’s parents, are Gloria’s son and daughter-in-law. Gloria has previously petitioned this court for visitation with her grandchildren. After a full trial, her petition was denied. The decision was appealed to the Appellate Division and the Court of Appeals. Both Courts affirmed this court’s decision.
In this new petition, Gloria claims that a change in circumstances entitles her to relitigate the issue of visitation. She claims, inter alia, that this petition itself reflects a change in circumstances, since it requests different relief than the previous petition: she now asks for supervised visitation as opposed to the unsupervised visitation she sought in her previous suit. She also claims the two-year passage of time between the trial of the previous suit and the present action is a significant change of circumstance in the lives of young children and their elderly grandmother.
In addition, Gloria has served an amended petition seeking a single supervised emergency visit with the children, based upon newly discovered information that she is suffering from metastasized lung cancer.
Respondents, Alfred R. and Jane R., have moved to dismiss the petition claiming the doctrines of res judicata and collateral estoppel bar the petitioner from relitigating. I conclude that they are correct.
Under Domestic Relations Law § 72, grandparents may be given standing to sue for visitation. When either parent of the grandchild has died, the grandparents have an absolute right to standing. In all other circumstances, standing is granted only when grandparents can show that, " ’conditions exist [in] which equity would see fit to intervene’ ” (Emanuel S. v Joseph E., 78 NY2d 178, 181 [1991]). In Emanuel S. the Court of Appeals established a two-prong analysis for grandparent visitation cases. First, the court must find whether the grandparent may be granted standing under Domestic Relations Law § 72. Second, only if the court concludes that the grandparent has a right to be heard, must the court determine if visitation is in the best interests of the grandchild. Upon weighing the testimony in the prior litigation, this court determined that equity did not require that the petitioner be granted standing (Matter of Gloria R. v Alfred R., NYLJ, Jan. 11, 1994, at 22, col 4, affd 209 AD2d 179 [1st Dept 1994], lv denied 85 NY2d 882).
*143 Generally, litigation is subject to the doctrine of res judicata, which bars revisiting of issues and repetitive claims. The doctrine supports judicial economy and provides for the stability that results from finalized litigation (Matter of Reilly v Reid, 45 NY2d 24, 28 [1978]).
Standard custody disputes are not usually subject to res judicata because the "best interests” of children are more important than any of the benefits of closure. As stated in Matter of Bachman v Mejias (1 NY2d 575, 582 [1956]), "[a] child is not a chattel” and a proceeding need not be accorded res judicata effect when the best interests of the child dictated otherwise (Matter of Berlin v Berlin, 21 NY2d 371 [1967]). However, this case is not a standard custody and visitation dispute between parents, in which the court is always obligated to inquire into the best interests of the children, but rather, a grandparent visitation case in which the court already determined that the issue of "best interests” should not even be reached; the court has already decided that equity did not require that petitioner be given standing to sue (Matter of Gloria R. v Alfred R., supra).
Litigation involving a request for grandparent visitation is simply not the equivalent of requests for changes in custody and visitation, and is not amenable to repeated litigation following alleged, or even actual changes of circumstances. In this area, too, there must be finality.
Under New York’s transactional analysis approach, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy (O’Brien v City of Syracuse, 54 NY2d 353 [1981]; Sieratzki v Jacobs, NYLJ, Apr. 3, 1989, at 24, col 3 [Sup Ct, NY County]). A claim grounded upon the same gravamen of the wrong asserted in the prior action must be barred as well (Dlugash v South Nassau Communities Hosp., 142 AD2d 710 [2d Dept 1988]). Here, Gloria’s claim is based upon the same circumstances raised and litigated in the prior action; her lack of visitation with her grandchildren. Therefore, petitioner’s request for different relief does not constitute a change in circumstance that would allow for relitigation of her claim.
Gloria was also given full and fair opportunity to litigate the issue of standing in the prior suit. While the issue of supervised visitation was not raised in her first request, testimony to such an arrangement was heard and considered by the court as part of its authority to impose conditions on any award of visita *144 tion. Her decision not to seek supervised visitation in her original petition does not give her the right to seek it now.
Gloria’s claim of change in circumstance due to the passage of time is disingenuous. Although two years have passed from the time of the trial, this action was brought only six weeks after the Court of Appeals rendered its decision denying her motion for leave to appeal. Furthermore, the court was well aware of the ages of the children and the litigants when it denied the previous petition. Denial of visitation with the grandchildren was a natural consequence of the court’s decision.
Finally, while the terrible medical condition from which petitioner is suffering, and her desire to see her grandchildren while she is able, evokes the court’s sympathy, given the prior finding as to the ongoing dynamic between the parties, her condition cannot serve to create a right to relitigate where otherwise there is none.
The application is therefore denied and the petition is dismissed.