■ SAMUEL MELTON et al., Respondents, v SEARS, ROEBUCK AND COMPANY, Appellant.—Mikoll, J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered June 7, 1988 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Samuel Melton (hereinafter plaintiff) was injured as a result of a fall which occurred at defendant's department store in the Town of Colonie, Albany County. Plaintiff commenced this negligence action contending that his injury resulted from defendant's failure to clean up a vomit-like substance covering the area of the floor some 20 feet inside the entrance doors, thereby creating a hazardous and dangerous condition. Plaintiff's wife also alleged a derivative cause of action against defendant.

After answering, defendant moved for summary judgment on the ground that no evidence of notice, either actual or constructive, necessary to cast defendant in damages had been supplied by plaintiff and thus plaintiff had failed to make out a prima facie case in negligence. In support of its motion, defendant produced an affidavit of its employee, William Trela, who affirmed that he saw a child vomit on the floor whereupon he immediately called another employee to summon maintenance. Trela also affirmed that, as he turned from making this call, he heard a noise, whereupon he saw plaintiff lying on the floor. The entire event took a matter of seconds. In opposition to the motion, plaintiffs contend that there was no other individual, child or otherwise, in the area at the time of plaintiff's fall. Supreme Court denied defendant's motion, finding that a triable issue of fact existed as to timing and notice.

We disagree. Summary judgment is a drastic remedy which should be avoided if there are found to be issues of fact requiring resolution by trial or there is demonstrated the probability of the existence of same *(Hierro v Bliss Co.,* 145

AD2d 731, 732; *Moskowitz v Garlock,* 23 AD2d 943, 944). Defendant has produced an eyewitness to the events attendant on plaintiff's unfortunate fall in defendant's premises. Trela's affidavit undisputably indicates that defendant had neither actual nor constructive notice of any dangerous condition on its floor. To conclude from the evidence that the wet condition of the floor was allowed to exist for any appreciable time is mere speculation. Absent such a showing, defendant cannot be held responsible for the event precipitating plaintiff's fall *(see, Madrid v City of New York,* 42 NY2d 1039). Since plaintiff has failed to make out a prima facie case in negligence, summary judgment should have been granted to defendant.

Order reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.