◼ JOSEPH T. CINCOTTA et al., Appellants, v BIG V SUPERMARKETS, INC., Respondent.—Mahoney, P. J. Appeal from an

order of the Supreme Court (Lynch, J.), entered March 19, 1990 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

On the morning of October 14, 1986, following a heavy rainstorm, plaintiff Joseph T. Cincotta (hereinafter plaintiff) entered defendant's grocery store in the Town of Glenville, Schenectady County. After plaintiff had walked approximately 10 feet past the entry doors, he slipped and fell in a puddle of water approximately three feet in diameter. After regaining his footing and purchasing several items, plaintiff returned to the parking lot only to find that he was physically unable to operate his motor vehicle. He then returned to the store and reported the incident to an employee at a service desk located only several feet from the point where he fell.

Plaintiff commenced this action in negligence contending that defendant failed to correct a defective condition of which it had notice. Plaintiff's wife also alleged a derivative cause of action against defendant. Following the completion of discovery, defendant moved for and was granted summary judgment dismissing the complaint. This appeal by plaintiff and his wife ensued.

We reverse. At his examination before trial, the store manager testified that a repair order dated January 27, 1986 was entered in defendant's maintenance record book concerning a leak in the roof at the front entrance to the store. In response to a direct question by counsel for defendant, the store manager was unable to state unequivocally that the leak had been repaired. From this testimony of defendant's principal witness, it is clear that if defendant did not have actual notice of the puddled water located on the floor of its premises immediately in front of a service desk manned by an employee of defendant, it could be charged with constructive notice by reason of its direct knowledge, as of January 1986, that there was a leak in the ceiling immediately inside the front door and the uncertain status of any repairs. A reasonable inference could then be drawn that the puddle where plaintiff fell was formed by slowly dripping water from the leaks in the store's ceiling, and that the process took sufficient time to accumulate so that defendant could be charged with constructive notice (see, Newman v Great Atl. & Pac. Tea Co., 100 AD2d 538, appeal dismissed 62 NY2d 942). In sum, there is evidence raising questions of fact about whether a defect existed for a sufficient time before the accident that it should have been corrected (see, Paciocco v Montgomery Ward, 163

AD2d 655). In the face of questions of fact, summary judgment should have been denied.

Defendant's reliance on this court's decision in *Melton v Sears, Roebuck & Co.* (157 AD2d 964, *lv denied* 76 NY2d 703) for its position that there was no showing that it had actual notice or that the water was present for a sufficient time to give rise to liability on the theory of constructive notice is misplaced. In *Melton,* a store employee's affidavit affirmed that he saw a child vomit on the floor whereupon he immediately called another employee to summon maintenance. As he turned from making the assistance call, he heard a noise and observed the plaintiff lying on the floor. No such immediacy exists in this case. Likewise, the other cases relied on by defendant are factually distinguishable.

Order reversed, on the law, with costs, and motion denied. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.