■ DONALD POST et al., Appellants, v VALLEY CENTRAL SCHOOL DISTRICT, Respondent.—Weiss, P. J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Owen, J.), entered November 7, 1990 in Orange County, which granted defendant's motion for summary judgment dismissing the complaint.

Mary Goldberg, a teacher at Valley Central Middle School, was working as a volunteer at a baseball card show at the school on December 21, 1988. At about 7:00 P.M., she observed a little girl regurgitate near the door of the boys' locker room. She immediately stationed a police officer to guard the location, took the child with her family into the boys' locker room to tend to her and then returned to clean up the floor. In the interim a custodian was also summoned to clean the floor. Approximately 10 minutes after her first observation, Goldberg was called to attend plaintiff Donald Post, who had slipped and fallen in other regurgitation in the same hallway about 50 feet from the first location.

Plaintiffs commenced this action for damages resulting from the personal injuries Post sustained in the fall. Supreme Court granted defendant's motion for summary judgment dismissing the action because of plaintiffs' failure to demonstrate actual or constructive notice of the hazard which caused the fall. Plaintiffs have appealed.

Plaintiffs contend that a triable issue of fact exists as to whether defendant had constructive notice of the second dangerous hazard because it failed to inspect the hallways

after the first incident. We disagree. Absent other considerations, the existence of an allegedly hazardous condition for a 10-minute period of time is insufficient to charge defendant with constructive notice of the danger *(see, Melton v Sears, Roebuck & Co.,* 157 AD2d 964, *lv denied* 76 NY2d 703). Defendant has clearly established the immediacy of the situation which created the hazard *(see, Cincotta v Big V Supermarkets,* 168 AD2d 818). The record is devoid of evidence that anyone other than the sick child was aware of the second hazard *(see, Gordon v American Museum of Natural History,* 67 NY2d 836). Defendant has established that the defect was not apparent and had not existed for sufficient time prior to Post's accident to permit discovery and remedy of the hazard. Summary judgment was therefore properly granted *(see, supra; Paciocco v Montgomery Ward,* 163 AD2d 655, *lv denied* 77 NY2d 808; *Melton v Sears, Roebuck & Co., supra).*

Levine, Mercure and Mahoney, JJ., concur. Ordered that the order is affirmed, without costs.