■ JOSEPH GIORDANO, Appellant, v PENCONJOPE CORP., Doing Business as BROADWAY VIDEO, Respondent. [612 NYS2d 191] —In an action to recover damages for personal injuries, the

plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (O'Brien, J.), entered June 26, 1992, which granted the defendant's motion to dismiss the complaint.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff Joseph Giordano was injured when he allegedly slipped and fell on a wet area of the floor near the entranceway of the defendant's store. He claims, among other things, that the defendant should have known about the alleged dangerous condition created by the wet floor. The Supreme Court, however, found that the evidence adduced by the plaintiff at trial was insufficient to establish that the defendant had constructive notice of the subject condition. We agree.

"To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" *(Gordon v American Museum of Natural History,* 67 NY2d 836, 837). The record is devoid of evidence showing that the subject condition had existed for any more than a brief period of time prior to the plaintiff's accident. Thus, the evidence was insufficient to charge the defendant with notice of that condition *(see, Gordon v American Museum of Natural History, supra; Paolucci v First Natl. Supermarket Co.,* 178 AD2d 636; *cf., Negri v Stop & Shop,* 65 NY2d 625; *Cincotta v Big V Supermarkets,* 168 AD2d 818). Lawrence, J. P., Ritter, Hart and Krausman, JJ., concur.