■ SHIRLEY M. EATON, Respondent, v PYRAMID COMPANY OF ITHACA, Appellant. [628 NYS2d 884] —Mercure, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered May 26, 1994 in Tompkins County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff alleges that she sustained the injuries forming the basis for this negligence action when she slipped on a wet floor at defendant's shopping center on April 17, 1992. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint upon the ground that it lacked actual or constructive notice of the allegedly dangerous or defective condition as a matter of law. Supreme Court denied the motion, defendant appeals and we now reverse.

At her examination before trial, plaintiff described the accident, which took place shortly after she passed through the "Cafe Square" entrance to the mall at noontime on a busy rainy day. When entering the premises, plaintiff first traversed a brown rug that spanned the entire width of the narrow entrance corridor, took an additional 6 to 7 steps on a white tile floor and then slipped. Although, as she approached, she saw no water or other foreign substance on the floor, afterward she noted a "puddle" of water in an indentation on the floor covering an area she demonstrated to be the size of the circle formed by her forefinger and thumb, perhaps "a little bit smaller". Plaintiff was unaware of the origin of the water or the length of time it had been present. She merely assumed it had been "tracked in" by other patrons and conceded that she was uncertain whether she even stepped on the wet area.

There is no claim that defendant caused the water to be present on the floor or evidence to support a finding that defendant had actual notice of the condition. To constitute constructive notice, a defect must (1) be visible and apparent, and (2) must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it (see, *Piacquadio v Recine Realty Corp.*, 84 NY2d 967; *Gordon v American Museum of Natural History*, 67 NY2d 836, 837; *Giordano v Penconjope Corp.*, 204 AD2d 600; *Collins v Grand Union Co.*, 201 AD2d 852; *Stoerzinger v Big V Supermarkets*, 188 AD2d 790; *Paciocco v Montgomery Ward*, 163 AD2d 655, *lv denied* 77 NY2d 808). The record does not demonstrate that the subject condition had existed for any length of time prior to plaintiff's accident. Thus, the evidence was insufficient to charge defendant with notice of the condition (*see, supra*). We have considered plaintiff's remaining argument and find it meritless.

Cardona, P. J., Casey, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.