◼ Forrest R. Lottie, Sr., et al., Individually and as Parents and Guardians of Dustin T. Lottie, an Infant, Appellants, v Edwards-Knox Central School District, Respondent. (And a Third-Party Action.) [652 NYS2d 144] —Cardona, P. J. Appeal from an order of the Supreme Court (Demarest, J.), entered December 7, 1995 in St. Lawrence County, which granted defendant's motion for summary judgment dismissing the complaint.

Dustin T. Lottie, a fifth grade student at a school operated by defendant in St. Lawrence County, was injured when he slipped and fell in front of his locker as the result of water which had accumulated on the floor. Lottie caught his chin on the latch of his locker during his fall. Plaintiffs, Lottie's parents, commenced this negligence action for personal injuries sustained by Lottie, and after service of an answer and some

discovery, defendant made a motion for summary judgment dismissing the complaint on the ground that plaintiffs failed to demonstrate that defendant had actual or constructive notice of the allegedly slippery condition of the floor. Supreme Court granted the motion and this appeal by plaintiffs ensued.

We affirm. "To establish a prima facie case of negligence in a slip and fall action, plaintiff must demonstrate that defendant had actual or constructive notice of the condition" (*Stoerzinger v Big V Supermarkets*, 188 AD2d 790; *see, Kovelsky v City Univ. of N. Y.*, 221 AD2d 234). In order "[t]o constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837; *see, Paciocco v Montgomery Ward*, 163 AD2d 655, 656, *lv denied* 77 NY2d 808). Based upon our review of the record, we find that plaintiffs have presented no proof that defendant had actual or constructive notice of the allegedly slippery condition of the floor.

It is undisputed that it was raining on the day of the accident; children disembarking from the buses were tracking water from the entrance of the building through the first floor hallway and that the accident occurred within 10 to 15 minutes of Lottie's arrival. Lottie's locker was located in the second floor hallway, a significant distance from the entrance to the building. Lottie testified at his examination before trial that he noticed a puddle on the floor next to his locker prior to his fall.

The elementary school principal, however, testified that no one he spoke with noticed water on the floor in the area of Lottie's locker on the day of the accident and that, prior to that day, he was not made aware of any problem with water accumulation in the second floor hallway. Similarly, various teachers who had classrooms on the second floor near Lottie's locker averred that they did not see water accumulate in the second floor hallway near Lottie's locker on the day of the accident or on other rainy or snowy days. Thus, there is no proof in the record that the alleged slippery condition existed for any length of time prior to the accident (*see, Eaton v Pyramid Co.*, 216 AD2d 823). Although the principal admitted that he had been concerned about water accumulation in the first floor hallway near the entrance to the building and that litigation had been commenced by a student who fell in this area, we do not find this sufficient to put defendant on constructive notice of a water accumulation problem in the second floor hallway. As no questions of fact exist as to defendant's actual or constructive notice of the condition of the floor, Supreme Court

properly granted summary judgment dismissing the complaint (*see, Eaton v Pyramid Co., supra; Post v Valley Cent. School Dist.,* 180 AD2d 954).

Mercure, White, Casey and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.