■ FRANCES J. LUCCHIO et al., Appellants, v BRESLIN REALTY DEVELOPMENT CORP., Doing Business as HUNTINGTON MALL, Defendant and Third-Party Plaintiff and Second Third-Party Plaintiff-Respondent. SEARS, ROEBUCK AND COMPANY, Third-Party Defendant-Respondent; ACCURATE MAINTENANCE CO., Second Third-Party Defendant-Respondent. [668 NYS2d 896] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), entered August 21, 1996, which granted the respective motions by the defendant third-party plaintiff and second third-party plaintiff Breslin Realty Development Corp. d/b/a Huntington Mall, the second third-party defendant Accurate Maintenance Co., and the third-party defendant Sears,

Roebuck and Company for summary judgment, dismissing the complaint, third-party complaints, counterclaims, and cross claims insofar as asserted against them.

Ordered that the appeal from so much of the order as granted the branches of the respective motions which were for summary judgment dismissing the third-party complaints, counterclaim, and cross claims against Breslin Realty Development Corp. d/b/a Huntington Mall, Accurate Maintenance Co., and Sears, Roebuck and Company is dismissed, as the plaintiffs are not aggrieved by those portions of the order; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

Under the facts of this case, the plaintiffs were required to demonstrate that Breslin Realty Development Corp. d/b/a Huntington Mall had actual or constructive notice of the condition (see, Stoerzinger v Big V Supermarkets, 188 AD2d 790; see also, Lottie v Edwards-Knox Cent. School Dist., 235 AD2d 678; Serrano v Haran Realty Co., 234 AD2d 86; Kovelsky v City Univ., 221 AD2d 234). The plaintiffs wholly failed to satisfy this burden.

The plaintiffs' remaining contentions are without merit. Miller, J. P., O'Brien, Santucci and Altman, JJ., concur.