Lisa M. **ROBINSON,** Clifford Robinson, Jr., Plaintiffs,

v.

**WAL–MART STORES, INC., Defendant.**

No. 96–CV–6457L.

United States District Court, W.D. New York.

March 11, 1999.

John A. Schuppenhauer, Canandaigua, NY, for plaintiffs.

Michael J. Kanaley, Jr., Kenney, Kanaley, Shelton & Liptak, L.L.P., Buffalo, NY, for defendant.

## DECISION AND ORDER

LARIMER, Chief Judge.

Plaintiffs, Lisa M. Robinson and Clifford Robinson ("Mrs. Robinson" and "Mr. Robinson," respectively), commenced this action in New York State Supreme Court, Ontario County, in June 1996. Defendant, Wal–Mart Stores, Inc. ("Wal–Mart"), removed the action to this court in October 1996, pursuant to this court's diversity jurisdiction under 28 U.S.C. § 1332. Defendant now moves for summary judgment.

### FACTUAL BACKGROUND

The facts are relatively straightforward. Plaintiffs allege that on June 19, 1993, they were shopping at a Wal–Mart store in Geneva, New York. Mrs. Robinson, who was recovering from surgery on her right foot at the time, arrived at the store on crutches. Wal–Mart provided her with a wheelchair, and she left her crutches at the service desk. She then did her shopping in her wheelchair, either propelling herself or with her husband pushing her.

When plaintiffs had finished shopping, Mrs. Robinson wheeled herself to the entrance of the store while Mr. Robinson went to retrieve her crutches. A store employee then approached Mrs. Robinson and told her that the store's wheelchairs were not allowed to leave the store. Mrs. Robinson allegedly told the employee that she was only going to take the wheelchair to the front sidewalk and wait for her husband to bring their truck around. The employee repeated that the wheelchairs were not allowed outside, and pushed Mrs. Robinson to the service desk.

At the service desk, an employee handed Mrs. Robinson her crutches, and she stood up. She took a few steps on the crutches toward the doors when her left foot slipped and she fell forward. Mr. Robinson helped her to her feet. Mrs. Robinson then noticed that her leg was wet, and in the spot where she slipped she also noticed a puddle of clear liquid. She does not know what the liquid was, but she alleges that it felt sticky. A store employee who came to wipe up the puddle also allegedly stated that it was sticky.

Plaintiffs do not know how long the liquid had been present on the floor at the time Mrs. Robinson fell, nor do they know how it got there. Neither plaintiff had noticed the liquid prior to Mrs. Robinson's fall. They have also presented no evidence that any Wal–Mart employee was aware of the liquid prior to her fall.

Plaintiffs subsequently commenced this action in state court. The complaint alleges that because of Wal–Mart's negligence in allowing the liquid to be present on the floor, Mrs. Robinson suffered several types of injuries that caused her pain and required medical attention. Mr. Robinson also asserts a claim for loss of consortium.

### DISCUSSION

Under New York law, liability for negligence in a slip-and-fall case depends not just on the existence of a dangerous condition, but on the defendant's actual or constructive notice of that condition prior to the fall. *See, e.g., Fasolino v. Charming Stores, Inc.,* 77 N.Y.2d 847, 567 N.Y.S.2d 640, 569 N.E.2d 443 (1991); *Anderson v. Klein's Foods, Inc.,* 139 A.D.2d 904, 527 N.Y.S.2d 897 (4th Dep't), *aff'd,* 73 N.Y.2d 835, 537 N.Y.S.2d 481, 534 N.E.2d 319 (1988). Plaintiffs have presented absolutely no evidence of notice here, and defendant's motion for summary judgment must therefore be granted.

At her deposition, Mrs. Robinson was asked, "[B]efore you actually slipped you didn't know there was anything on the floor?" She responded, "No." Deposition of Lisa M. Robinson (Defendant's Motion for Summary Judgment Ex. B) at 50. Mr. Robinson stated at his deposition that he did not recall seeing any liquid on the floor at all, but only that after she fell, Mrs. Robinson's legs appeared to be wet. The following colloquy also took place during his deposition:

Q. Do you have any idea from your observations or anything else what the substance was that was on her knees?

A. No.

Q. To the extent that there was a substance on the floor—and I realize that you don't recall having seen it. To the extent that there was, do you have any knowledge from any source as to what the substance was?

A. No. No.

Q. Or what the source of the substance originally was?

A. No.

Q. Or how long it had been there?

A. No.

Q. Do you have any knowledge from any source up to the present day of whether or not anyone from Wal–Mart knew that the substance was there before your wife fell?

A. No.

Q. Do you have any knowledge from any source as to whether or not anyone had made any complaints to Wal–Mart about this condition on the floor in the area where your wife fell before she fell?

A. No.

Deposition of Clifford Robinson (Defendant's Motion for Summary Judgment Ex. E) at 7–8.

Plaintiffs have presented virtually no evidence of how or when the spill occurred, or that anyone at Wal–Mart knew or should have known that the liquid was on the floor. Plaintiffs contend that a reasonable juror could infer that the liquid had been present for a long time because: it was sticky (the inference being that it had dried somewhat); the employees who were working in the area at the time of Mrs. Robinson's fall did not remember hearing or seeing anything drop on the floor; the area where the liquid was present was heavily traveled and was not far from a snack bar; and a Wal–Mart employee who was working at the service desk at the time of the accident had seen liquid on the floor in that area on prior occasions.

These facts, however, are not sufficient for a rational finder-of-fact to reasonably infer that the liquid had been present long enough to put Wal–Mart on constructive notice. "To constitute constructive notice, a defect must (1) be visible and apparent, and (2) must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Eaton v. Pyramid Co. of Ithaca,* 216 A.D.2d 823, 824, 628 N.Y.S.2d 884 (3d Dep't 1995) (awarding summary judgment to defendant where record showed only that plaintiff noticed water on floor after she fell, and that she was unaware of its origin). Plaintiff have not shown that there exists a genuine issue of fact in this regard. The mere fact that there had been spills in the area on prior occasions, or that people sometimes walked through the area carrying beverages, is not enough to show that defendant should have known of this particular puddle prior to Mrs. Robinson's fall. A " 'general awareness' that a dangerous condition may be present is legally insufficient to constitute notice of the particular condition that caused plaintiff's fall.…" *Piacquadio v. Recine Realty Corp.,* 84 N.Y.2d 967, 969, 622 N.Y.S.2d 493, 646 N.E.2d 795 (1994).

Nor does the evidence that the liquid was sticky create an issue of fact. The inference that plaintiffs seek to draw here requires the assumption that the liquid was soda pop or some similar liquid that tends to become sticky after it has been on a floor or other surface for some time. There is no evidence in the record, howev-

**608**

er, what the liquid was. It may well have been something that was sticky at the moment it hit the floor and given the myriad of products sold in a store like Wal–Mart, it would be pure speculation to guess what the liquid was. Moreover, even assuming that it was a beverage of some sort, at most its stickiness might tend to show only that it had not been spilled *immediately* prior to the accident. To infer that it had been there long enough to put defendant on notice of its presence would be purely speculative. *See Nasca v. Wal–Mart Stores, Inc.,* 8 F.Supp.2d 235, 236–37 (W.D.N.Y.1998) (fact that spill contained crumbs and grit did not support inference that it had been on floor for any appreciable length of time; collecting cases); *Collins v. Grand Union Co.,* 201 A.D.2d 852, 853, 608 N.Y.S.2d 335 (3d Dep't 1994) (where plaintiff's decedent had testified that after she fell in supermarket, she observed three patches of a colorless, sticky substance on the floor, but failed to offer any proof as to how long the substance had been on the floor prior to her fall, "a finding that the substance had been on the floor for any appreciable length of time would be based upon pure speculation").

In short, plaintiffs "merely speculate[ ] that, before [Mrs. Robinson] fell, someone must have spilled liquid while walking across the floor." *Winecki v. West Seneca Post 8113, Inc.,* 227 A.D.2d 978, 643 N.Y.S.2d 292 (4th Dep't 1996). That is not enough to give rise to a genuine issue of material fact about whether defendant had actual or constructive notice of the dangerous condition, and accordingly the complaint must be dismissed,

### CONCLUSION

Defendant's motion for summary judgment (Item 8) is granted, and the complaint is dismissed.

IT IS SO ORDERED.