■ ROBERT B. WILLIAMS et al., Respondents, v HANNAFORD BROTHERS COMPANY, Doing Business as SUPER SHOP 'N SAVE, Appellant. [710 NYS2d 714] —Mugglin, J. Appeal from an order of the Supreme Court (Dier, J.), entered October 27, 1999 in Warren County, which, *inter alia*, denied defendant's motion for summary judgment dismissing the complaint.

This is a personal injury action in which plaintiffs seek to recover money damages for injuries sustained by plaintiff Robert B. Williams (hereinafter Williams) when he slipped and fell when shopping at a Shop 'N Save Supermarket in the Town of Queensbury, Warren County. Defendant moved for summary judgment dismissing the complaint on grounds that plaintiffs have sued the wrong corporate defendant and that plaintiffs are unable to establish either the specific cause of Williams' fall or that defendant had actual or constructive notice of the cause of Williams' fall. Plaintiffs' opposition to the motion centered on the assertion that triable issues of fact exist which require the denial of summary judgment. Also, plaintiffs cross-moved for an order striking defendant's fourth affirmative defense. Supreme Court denied both motions and defendant appeals.

On March 2, 1995, Williams obtained a carton of milk and a jar of pickles from the dairy case in defendant's store. He slipped and fell after walking approximately 15 feet in the direction of his shopping cart. Williams' fall was observed by Harry Merrill, the grocery manager of Shop 'N Save. Immediately prior to Williams' fall, Merrill had been approached by a woman, carrying a leaking milk carton, who told him that she had dropped the milk carton in the area of the dairy case, creating a small puddle. As Merrill walked toward the dairy case, he saw Williams fall. He also saw another employee, with a "wet floor" sign and a mop, moving toward the puddle. This

employee was in such close proximity to Williams that Merrill opined that Williams and the employee must have passed each other.

On a motion for summary judgment, it is the obligation of the proponent to come forward with evidence in competent admissible form establishing a prima facie entitlement to judgment (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320; *Zuckerman v City of New York*, 49 NY2d 557). On this record defendant satisfied this obligation, thus requiring plaintiffs to come forward with competent admissible evidence establishing the existence of a genuine triable issue of fact (*see, Vermette v Kenworth Truck Co.*, 68 NY2d 714). Since we believe that plaintiffs failed to make the required showing, we reverse Supreme Court and grant defendant's motion for summary judgment dismissing the complaint.

Here, plaintiffs were required to come forward with evidence that either defendant created the condition which caused Williams' fall or that defendant had actual or constructive notice of the condition and a reasonable opportunity to remedy the same (*see, Gordon v American Museum of Natural History*, 67 NY2d 836). Initially, we observe that the record contains no evidence of the precise cause of Williams' fall. The employees of defendant and Williams himself—although some speculated that Williams may have stepped in the milk puddle—failed to observe any substance in the area of the incident which could have caused Williams to fall. Williams' observation that he had a black, sticky substance on his left hand and his trousers after the fall is not probative evidence that defendant created a dangerous condition. To sustain liability in this type of accident, the cause of the fall must be specific and definite, speculation and conjecture being simply insufficient (*see, Maiorano v Price Chopper Operating Co.*, 221 AD2d 698, 699; *Leary v North Shore Univ. Hosp.*, 218 AD2d 686, 687). Thus, plaintiffs' evidence fails to establish either actual or constructive notice on the part of defendant of any dangerous condition which could have precipitated Williams' fall.

" 'To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it' " (*Strowman v Great Atl. & Pac. Tea Co.*, 252 AD2d 384, quoting *Gordon v American Museum of Natural History, supra*, at 837). Even if we assume that Williams stepped in the milk puddle and fell as a result, the record contains no evidence that defendant had a reasonable opportunity to clean up the spill prior to Williams approaching

the dairy case. On the contrary, the evidence demonstrates that the spill occurred, defendant's employees became aware of it immediately prior to Williams' fall and the clean-up process was underway at the time of the fall. Under the circumstances, defendant is not liable (*see, Post v Valley Cent. School Dist.*, 180 AD2d 954; *Melton v Sears, Roebuck & Co.*, 157 AD2d 964, *lv denied* 76 NY2d 703).

In view of the foregoing, we need not address the balance of the contentions made by the parties on this appeal.

Crew III, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant's motion; motion granted, summary judgment awarded to defendant and complaint dismissed; and, as so modified, affirmed.