■ CYNTHIA J. WALTON et al., Respondents, v WEGMAN'S FOOD MARKETS, Appellant. [595 NYS2d 349] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court should have granted defendant's motion for summary judgment dismissing the complaint. Defendant satisfied its initial burden of establishing that it lacked actual or constructive notice of the accumulation of water on the floor of its store. Plaintiffs failed to submit material in evidentiary form sufficient to raise a triable issue of fact concerning actual or constructive notice, and summary dismissal was warranted *(see, Anderson v Klein's Foods,* 139 AD2d 904, *affd* 73 NY2d 835; *Eddy v Tops Friendly Mkts.,* 91 AD2d 1203, *affd* 59 NY2d 692). (Appeal from Order of Supreme Court, Monroe County, Willis, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.

■ RIVER VALLEY FARMS CO., INC., Appellant, v BRUNNERS SOUTHTOWN POULTRY, INC., Defendant, and DONALD BRUNNER, Respondent. [595 NYS2d 350] —Order unanimously affirmed without costs. Memorandum: In this action between the "immediate parties" to certain negotiable instruments drawn on the account of the corporate defendant but signed by defendant Donald Brunner, Supreme Court properly denied plaintiff's motion and the individual defendant's cross motion for summary judgment. Based upon their 10-year course of dealing, we find that an issue of fact is presented whether plaintiff knew or understood that the individual defendant intended to sign the instruments in a representative capacity only *(see, Rotuba Extruders v Ceppos,* 46 NY2d 223, 228, 229; *see also,* UCC 3-403 [2] [b]; *cf., Tropical Ornamentals v Visconti,* 115 AD2d 537, 538-539). (Appeal from Order of Supreme Court, Erie County, Cosgrove, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.