▮ LINDA JORDAN et al., Appellants, v JULES MUSINGER et al., Doing Business as SINGER ASSOCIATES, et al., Respondents. [602 NYS2d 289] —Order unanimously reversed on the law without costs, motions denied and complaint reinstated. Memorandum: Supreme Court erred in granting the motions of defendants for summary judgment dismissing plaintiffs' complaint. Although plaintiffs will bear the burden at trial of proving that defendants had constructive notice of the icy condition in the parking lot *(see, Anderson v Klein's Foods,* 139 AD2d 904, *affd* 73 NY2d 835, *rearg denied* 73 NY2d 918; *Gordon v American Museum of Natural History,* 67 NY2d 836, 837), on this motion for summary judgment, defendants bore the burden of showing entitlement to judgment as a matter of law *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 325). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" *(Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). We conclude that defendants did not carry their burden of proving lack of constructive notice *(cf., Walton v Wegmans Food Mkts.,* 191

AD2d 1040). Defendants presented sworn testimony from the restaurant owner that the parking lot was merely wet at 1:00 P.M., but it is undisputed that the parking lot was icy at approximately 7:00 P.M. When plaintiff Linda Jordan fell, sustaining a broken ankle. Defendants failed to prove that the ice formed so close in time to the accident that they could not reasonably have been expected to notice and remedy the condition *(see, Gordon v American Museum of Natural History, supra,* at 837). The meteorological data supplied by defendants does not prove when the ice formed. (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Summary Judgment.) Present—Green, J. P., Pine, Fallon, Doerr and Davis, JJ.