■ LINDA MILEA et al., Respondents, v AMES DEPARTMENT STORE, INC., Appellant. [632 NYS2d 363] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Linda Milea (plaintiff) slipped and fell on bath oil beads while shopping in defendant's store and commenced this action to recover damages for her injuries. Five months after plaintiffs filed a note of issue and a statement of readiness certifying that discovery was complete, defendant moved for summary judgment on the ground that it had no actual or constructive notice of bath oil beads on the floor. Supreme Court erred in denying that motion. Defendant met its initial burden of showing that it had no actual or constructive notice of the alleged hazardous condition of the floor (see, Piacquadio v Recine Realty Corp., 84 NY2d 967, 969; Monje v Wegman's Enters., 192 AD2d 1133; Walton v Wegman's Food Mkts., 191 AD2d 1040), and plaintiffs failed to raise an issue of fact in response thereto.

With respect to actual notice, defendant offered proof that none of its employees was aware of the presence of bath oil beads on the floor before plaintiff fell. Plaintiffs showed only that two unidentified employees and the store manager learned of the condition of the floor after plaintiff fell (see, Fasolino v Charming Stores, 77 NY2d 847; Grimes v Golub Corp., 188 AD2d 721). With respect to constructive notice, there is no evidence concerning when the bath oil beads fell on the floor and thus no basis to conclude that they had been on the floor a sufficient length of time so that in the exercise of due care defendant should have known of and corrected the condition (see,

*Anderson v Klein's Foods,* 73 NY2d 835, *affg* 139 AD2d 904 *for reasons stated below; Gordon v American Museum of Natural History,* 67 NY2d 836). Evidence that unpackaged bath oil beads were scattered on shelves next to where plaintiff fell establishes only that defendant had a " 'general awareness' " that the beads might fall to the floor *(Piacquadio v Recine Realty Corp., supra; Snyder v Golub Corp.,* 199 AD2d 776, 777, *lv denied* 83 NY2d 754).

We reject plaintiffs' contention that alleged discrepancies in the evidence warrant denial of the motion for summary judgment; those alleged discrepancies are irrelevant to the issue whether defendant had notice of bath oil beads on the floor. We also reject plaintiffs' contention that the motion was properly denied as premature pursuant to CPLR 3212 (f). Plaintiffs filed a note of issue and statement of readiness before defendant disclosed the identities of the store employees who worked on the day plaintiff fell, and, upon disclosure of their identities, did not move to vacate the note of issue or attempt to contact the employees *(see, Eddy v Tops Friendly Mkts.,* 91 AD2d 1203, *affd* 59 NY2d 692 *for reasons stated below).* They did not seek additional discovery until defendant moved for summary judgment. "Summary judgment may not be defeated on the ground that more discovery is needed, where, as here, the side advancing such an argument has failed to ascertain the facts due to its own inaction" *(Meath v Mishrick,* 68 NY2d 992, 994; *see also, Edwards v Terryville Meat Co.,* 178 AD2d 580, 581). (Appeal from Order of Supreme Court, Onondaga County, Elliott, J.—Summary Judgment.) Present—Denman, P. J., Pine, Wesley, Balio and Davis, JJ.