■ DONALD FREELAND et al., Individually and as Administrators of the Estate of AMANDA FREELAND, Deceased, Appellants, v JOSEPH SPECKSGOOR et al., Respondents. [643 NYS2d 696] —Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Plaintiffs' 13-year-old daughter drowned in the St. Lawrence River after being immobilized by an electric shock. It is undisputed that the source of that shock was an electrically powered boat hoist owned by defendants.

Supreme Court improperly granted defendants' motion for summary judgment. "Although plaintiffs will bear the burden at trial of proving that defendants had constructive notice of the [dangerous condition of the boat hoist] *(see, Anderson v Klein's Foods,* 139 AD2d 904, *affd* 73 NY2d 835, *rearg denied* 73 NY2d 918; *Gordon v American Museum of Natural History,* 67 NY2d 836, 837), on this motion for summary judgment, defendants bore the burden of showing entitlement to judgment as a matter of law *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 325). 'Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers' *(Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853)" *(Jordan v Musinger,* 197 AD2d 889). In our view, defendants did not sustain their burden of proving lack of constructive notice. The statement of one defendant that he "never had any mechanical or other difficulties with this boat hoist" prior to the accident does not establish, as a matter of law, either that the defect that caused the water to become energized was not visible and apparent or that it did not exist for a sufficient length of time prior to the accident to permit defendants to discover and remedy it *(see, Gordon v American Museum of Natural History, supra,* at 837). (Appeal from Order of Supreme

Court, Jefferson County, Gilbert, J.—Summary Judgment.) Present—Green, J. P., Pine, Lawton, Balio and Boehm, JJ.