■ SUZANNE KENNEDY et al., Respondents, v WEGMANS FOOD MARKETS, INC., Appellant. [660 NYS2d 103] —Judgment affirmed with costs. All concur except Denman, P. J., and Boehm, J., who dissent and vote to reverse in the following Memorandum.

Denman, P. J., and Boehm, J. (dissenting). We respectfully dissent. In our view, Supreme Court erred in denying defendant's motion to dismiss the complaint at the close of plaintiffs' case. Suzanne Kennedy (plaintiff) was injured when she slipped and fell on a leaf on the floor in the floral department of defendant's supermarket. In order to recover, plaintiffs were required to show that defendant created the dangerous condition or had actual or constructive notice of it before the accident (*see, Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838; *Lewis v Metropolitan Transp. Auth.*, 99 AD2d 246, 250, *affd* 64 NY2d 670). Plaintiffs submitted no proof that defendant had created the condition or had actual notice of the leaf on the floor before the accident (*see, Moss v JNK Capital*, 211 AD2d 769, *affd* 85 NY2d 1005; *Anderson v Klein's Foods*, 139 AD2d 904, *affd* 73 NY2d 835, *rearg denied* 73 NY2d 918). In order to establish constructive notice, a plaintiff must show that a visible and apparent defect existed "for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History, supra*, at 837). Here, there is no proof regarding when the leaf fell to the floor. Plaintiff's description of the leaf as slimy, as if it was from an older plant or had been watered too much, does not support the inference that the leaf was on the floor a sufficient length of time before the accident to permit defendant's employees to discover and remove it. Further, the leaf was not described by plaintiff as dirty but only as "all mushed up by my skid". The

proof established that the area where plaintiff fell had been checked by defendant's employee three hours before plaintiff's fall and that the area was clean and dry immediately after her fall. Thus, "[a]ny finding that [the leaf] had been on the floor for any appreciable length of time would be mere speculation" (*Monje v Wegman's Enters.*, 192 AD2d 1133; *see, Cuddy v Waldbaum, Inc.*, 230 AD2d 703; *Milea v Ames Dept. Store*, 219 AD2d 798; *Stevens v Loblaws Mkt.*, 27 AD2d 975). (Appeal from Judgment of Supreme Court, Erie County, Glownia, J.—Negligence.) Present—Denman, P. J., Green, Callahan, Balio and Boehm, JJ.