■ SALVATORE LAPAGLIA et al., Appellants, v.-CITY OF BUF-FALO, Respondent and Third-Party Plaintiff. DELAWARE SOCCER CLUB et al., Third-Party Defendants-Respondents. [962 NYS2d 798] —Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. The movant on a motion for summary judgment bears the burden of establishing his entitlement to judgment as a matter of law (*Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Jordan v Musinger,* 197 AD2d 889). Because defendant failed to establish that the hooks affixed to the frame of the soccer goal did not constitute a dangerous or defective condition, it was not entitled to summary judgment on that ground (*see, Orcutt v American Linen Supply Co.,* 212 AD2d 979, 980; *see generally, Jordan v Musinger, supra*). Additionally, defendant failed to establish its entitlement to summary judgment based on primary assumption of risk. Defendant failed to establish that plaintiff Salvatore LaPaglia was aware of the defective or dangerous condition and the resulting risks associated with his participation in the activities (*see, Weller v Colleges of Senecas,* 217 AD2d 280, 283-284; *McKenney v Dominick,* 190 AD2d 1021; *Lamey v Foley,* 188 AD2d 157, 163-165). Consequently, we deny defendant's motion for summary judgment and reinstate the complaint. We do not consider defendant's alternative motion for discovery because no argument was made on appeal with respect to it. (Appeal from Order of Supreme Court, Erie County, Rath, Jr., J.—Summary Judgment.) Present—Green, J. P., Pine, Lawton, Boehm and Fallon, JJ.

■ EDWIN K. KITOW, Appellant, v KATIE LOSIN, Respondent. [661 NYS2d 799] —Order unanimously affirmed without costs. Memorandum: We affirm for reasons stated in the decision at Erie County Court (Drury, J.). We add only that the contention of plaintiff regarding equitable estoppel may not be raised for the first time on appeal (*see, Telaro v Telaro,* 25 NY2d 433, 439, *rearg denied* 26 NY2d 751; *Oram v Capone,* 206 AD2d 839, 840). The contention of plaintiff that he should be permitted to reargue before the lower courts is without merit (*see,* Siegel, NY Prac § 254 [2d ed]). (Appeal from Order of Erie County Court, Drury, J.—Small Claims.) Present—Green, J. P., Pine, Lawton, Boehm and Fallon, JJ.