■ KEVIN M. ZELIE, Respondent, v TOWN OF VAN BUREN, Appellant. [914 NYS2d 497]—

Appeal from an order of the Supreme Court, Onondaga

County (James P. Murphy, J.), entered March 2, 2010 in a personal injury action. The order denied the motion of defendant for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he fell in a drainage ditch (ditch) while playing basketball at a park owned by defendant. Plaintiff ran and jumped while attempting to prevent the ball from going out of bounds, and he landed in the ditch approximately four to eight feet away from the outside boundary of the basketball court (court). Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. Defendant failed to meet its initial burden of establishing that the ditch near the court was open and obvious and thus that the risk of injury from running out of bounds and falling into it was inherent in playing on the court (cf. Trevett v City of Little Falls, 6 NY3d 884 [2006], rearg denied 7 NY3d 845 [2006]; Brown v City of New York, 69 AD3d 893 [2010]; see generally Maddox v City of New York, 66 NY2d 270, 277-278 [1985]). In support of its motion, defendant submitted the testimony of plaintiff at a General Municipal Law § 50-h hearing, in which he testified that he had previously never been to the park in question. Plaintiff was not asked, nor did he give any indication, whether he had seen or was otherwise aware of the ditch prior to his accident. Defendant also submitted photographs of the court and the ditch that, contrary to its contention, do not conclusively establish that the ditch was open and obvious (see Gallagher v County of Nassau, 74 AD3d 877, 879 [2010]; cf. Lincoln v Canastota Cent. School Dist., 53 AD3d 851, 852 [2008]). Contrary to the further contention of defendant, it failed to establish as a matter of law that the ditch did not constitute a dangerous condition or that the conduct of plaintiff was the sole proximate cause of his injuries (cf. O'Rourk v Menorah Campus, Inc., 13 AD3d 1154 [2004]).

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Martoche, J.P., Centra, Fahey, Lindley and Sconiers, JJ.