DelRosario v Liverpool Lodging, LLC (2019 NY Slip Op 01986)





DelRosario v Liverpool Lodging, LLC


2019 NY Slip Op 01986


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, CARNI, AND TROUTMAN, JJ.


1349 CA 18-00881

[*1]JACQUELINE DEL ROSARIO, PLAINTIFF-APPELLANT,
v
LIVERPOOL LODGING, LLC, AND MAPLEWOOD INN, LLC, DEFENDANTS-RESPONDENTS. 






HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
GOLDBERG SEGALLA LLP, SYRACUSE (KENNETH M. ALWEIS OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered February 1, 2018. The order granted the motion of defendants for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying defendants' motion in part and reinstating the complaint, as amplified by the bill of particulars, except insofar as it alleges that defendants were negligent in failing to warn plaintiff of dangerous and defective conditions, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for personal injuries she allegedly sustained when she fell while stepping out of a bath tub at a hotel. Supreme Court granted defendants' motion seeking summary judgment and dismissed the complaint, and we now modify. We agree with plaintiff that the court erred in granting the motion on the ground that the cause of plaintiff's fall was based on mere speculation (see Gafter v Buffalo Med. Group, P.C., 85 AD3d 1605, 1606 [4th Dept 2011]; cf. McGill v United Parcel Serv., Inc., 53 AD3d 1077, 1077 [4th Dept 2008]). In support of their motion, defendants submitted plaintiff's deposition testimony, which, when viewed in the light most favorable to plaintiff and giving her the benefit of every reasonable inference (see Esposito v Wright, 28 AD3d 1142, 1143 [4th Dept 2006]), establishes that plaintiff believed that the alleged dangerous or defective configuration or installation of the tub caused her to fall and sustain injuries. In addition, defendants failed to establish in support of their motion the absence of a dangerous or defective condition, and thus they were not entitled to summary judgment dismissing the complaint on that ground either (see Zelie v Town of Van Buren, 79 AD3d 1801, 1802 [4th Dept 2010]; LaPaglia v City of Buffalo, 239 AD2d 962, 962 [4th Dept 1997]). We agree with defendants, however, that the court properly granted their motion to the extent that plaintiff alleged that they were negligent in failing to warn of dangerous and defective conditions. Defendants met their initial burden of establishing that any dangerous or defective condition was open and obvious, and plaintiff failed to raise a triable issue of fact (see Sniatecki v Violet Realty, Inc., 98 AD3d 1316, 1318-1319 [4th Dept 2012]; see generally Tagle v Jakob, 97 NY2d 165, 169 [2001]; Hayes v Texas Roadhouse Holdings, LLC, 100 AD3d 1532, 1533 [4th Dept 2012]). We therefore modify the order by denying the motion in part and reinstating the complaint, as amplified by the bill of particulars, except to the extent that it alleges that defendants were negligent in failing to warn plaintiff of dangerous and defective conditions.
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court